Wayne R. PURDY, Plaintiff-Appellant,†

v.

CAP GEMINI AMERICA, INC., Defendant-Respondent.

Court of Appeals

*No. 00–3544. Submitted on briefs July 9, 2001.—Decided October 4, 2001.*

2001 WI App 270

(Also reported in 637 N.W.2d 763.)

† Petition to review denied 1-29-02.

804

806

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kent I. Carnell* and *Lisa Pierobon Mays* of *Lawton & Cates, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James F. Gebhart* of *Stroud, Willink & Howard, L.L.C.*, Madison.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1.  DEININGER, J.   Wayne Purdy appeals an order dismissing his claim against Cap Gemini America, Inc., for attorneys' fees and costs. Purdy contends the circuit court erred in dismissing the action because the fees are based on a contract and are thus not governed by Wis. Stat. § 806.06(4) (1999–2000).[1] We disagree and affirm.

## BACKGROUND

¶ 2.  The present litigation is the aftermath of a lawsuit brought by Cap Gemini against Purdy in 1996 alleging the breach of a non-competition covenant in his employment contract. Purdy left Cap Gemini in 1995 to work for another former employee of Cap Gemini. Cap Gemini filed suit against both Purdy and his new employer, alleging a breach of their respective covenants not to compete, after learning that they were competing against it. Purdy obtained summary judgment in his favor, dismissing the lawsuit against him, and Cap Gemini appealed. We affirmed the circuit court's action, concluding that the non-competition clause in Purdy's employment contract was unenforceable because it was not reasonably necessary for Cap Gemini's protection. *Cap Gemini America, Inc. v. Ringstad*, No. 96–2814, unpublished slip op. (Wis. Ct. App. Aug. 7, 1997).

¶ 3.  In 1999, Purdy brought a motion in the action from which he had been dismissed some three years earlier. In it he requested "payment of the reason-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

able attorney fees and costs" he "incurred in defending and prevailing in" the Cap Gemini suit. Purdy based his motion on a provision in the parties' employment agreement which provided as follows:

> You agree that, in the event of a breach of any covenant contained herein, the remedies available at law for such breach will be inadequate and that CAP GEMINI shall be entitled to injunctive or other equitable relief in any action or proceeding to enforce any such covenant. Furthermore, *the parties agree that all expenses (including reasonable attorneys' fees and disbursements) of the prevailing party in any such action or proceeding shall, on demand of the prevailing party, be paid by the non-prevailing party.*

(Emphasis added.)

¶ 4. The circuit court concluded that the dispositive issue was whether it had jurisdiction to rule on Purdy's motion, and the court determined that it did not because our decision in *Cap Gemini America* had "finally concluded the action between Cap Gemini and Defendant Purdy."[2] Purdy did not appeal the denial of his motion in the original action. Instead, he filed the present action, alleging that Cap Gemini had breached the employment agreement by failing to pay his attorneys' fees and costs in defending the original action. Cap Gemini moved to dismiss Purdy's complaint for failure to state a claim. *See* Wis. Stat. § 802.06(2)(a). In support of its motion, Cap Gemini argued that Purdy's claim for attorneys' fees and costs was untimely under Wis. Stat. § 806.06(4), and further that the new action was barred by claim preclusion.

---

[2] Circuit Judge C. William Foust entertained and denied Purdy's motion. Judge Foust succeeded Circuit Judge George Northrup in Branch 14 of the Dane County Circuit Court. Judge Northrup had presided over Cap Gemini's action in 1996.

809

¶ 5. The circuit court granted Cap Gemini's motion, dismissing Purdy's action with prejudice.[3] The court concluded that under Wis. Stat. § 806.06(4), Purdy should have requested his attorneys' fees and costs within thirty days of the judgment in his favor in the original action, and further that Purdy's claim was barred by the doctrine of claim preclusion. Purdy appeals the circuit court order dismissing his action.

## ANALYSIS

¶ 6. We review a circuit court's dismissal for failure to state a claim de novo, accepting as true the facts alleged in the complaint and the reasonable inferences drawn from those facts. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995). We must liberally construe the complaint, and we will affirm the dismissal of a claim only if " 'it is quite clear that under no conditions can the plaintiff recover.' " *Id.* at 311 (citations omitted).

¶ 7. We must decide whether a claim for attorneys' fees based on a provision in a contract is governed by the six-year statute of limitations governing contract actions, as Purdy contends, or the thirty-day time limit for requesting costs set forth in Wis. Stat. § 806.06(4), as Cap Gemini argues and the trial court concluded. Section 806.06(4) provides as follows:

> A judgment may be rendered and entered at the instance of any party either before or after perfection. If the party in whose favor the judgment is rendered causes it to be entered, *the party shall perfect the*

[3] The present action was assigned to Circuit Judge Moria Krueger, Branch 7, Dane County Circuit Court.

*judgment within 30 days of entry or forfeit the right to recover costs.* If the party against whom the judgment is rendered causes it to be entered, the party in whose favor the judgment is rendered shall perfect it within 30 days of service of notice of entry of judgment or forfeit the right to recover costs[4] . . . .

(Emphasis added.) Our initial inquiry is thus whether the contractually-based attorneys' fees requested by Purdy are "costs" within the meaning of § 806.06(4).

■

¶ 8.   The issue appears to be one of first impression, and its resolution involves a question of statutory interpretation. Our goal in interpreting a statute is to determine and give effect to the intent of the legislature. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). Where the language chosen by the legislature is clear and unambiguous, we arrive at the intent of the legislature by "giving the language its plain, ordinary and accepted meaning." *State v. Mendoza*, 96 Wis. 2d 106, 114, 291 N.W.2d 478 (1980). If a statute clearly sets forth the legislative intent, we simply apply the statute to the facts presented. *Cox v. DHSS*, 184 Wis. 2d 309, 316, 517 N.W.2d 526 (Ct. App. 1994). If, however, the language of a statute is ambiguous, we must look beyond its language and examine such things as its scope, history, context, subject matter, and purpose. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281–82, 548 N.W.2d 57 (1996).

¶ 9.   We conclude that, because the term is not defined in the statute, we must look beyond the language of WIS. STAT. § 806.06(4) in order to determine

---

[4] WISCONSIN STAT. § 806.06(1)(c) provides that "[a] judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment."

what is included in the "costs" which a prevailing party must request within thirty days of the entry of a judgment or forfeit the right to recover. In doing so, we conclude that a related statute, and an opinion of the Wisconsin Supreme Court interpreting it, are of assistance in determining the scope and subject matter of § 806.06(4). WISCONSIN STAT. § 814.04 provides, in relevant part, as follows:

> [W]hen allowed costs shall be as follows:
>
>  . . . .
>
> **(2)** DISBURSEMENTS. All the necessary disbursements and fees allowed by law . . . .

The supreme court examined this language in *Hartman v. Winnebago County*, 216 Wis. 2d 419, 574 N.W.2d 222 (1998), in the context of a dispute over the timeliness of a request for attorneys' fees.

¶ 10. The issue in *Hartman* was whether a plaintiff who prevails in a state court action raising a federal civil rights claim must seek an attorneys' fees award under 42 U.S.C. § 1988 within the time limitation set forth in WIS. STAT. § 806.06(4). The court concluded that the plaintiff must in fact do so "or forfeit the right to recover those costs." *Id.* at ¶ 2. The federal statute provides that "[i]n any action or proceeding to enforce [various federal civil rights statutes] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.* at ¶ 12 n.6. In its analysis, the court noted:

> There are three rules that could govern the time requirement for requesting attorneys' fees under 42 U.S.C. § 1988(b): (1) WIS. STAT. § 806.06(4), which requires that a judgment be perfected (i.e., costs taxed and inserted in the judgment) within 30 days of the

812

entry of judgment (or notice of entry of judgment, depending upon which party causes the judgment to be entered) or recovery of costs is forfeited; (2) Rule 54(d) of the Federal Rules of Civil Procedure, which requires that a motion for attorneys' fees be brought within 14 days of the entry of judgment; or (3) the common law rule set forth in *White*, 455 U.S. at 454 . . . which holds that a motion for attorneys' fees is timely unless it "unfairly surprises or prejudices the affected party."

*Id*. at ¶ 18.

¶ 11.  The court went on to "recognize" that the use of the word "cost" in the federal statute did not conclusively establish that the attorneys' fees should be deemed a taxable "cost" under WIS. STAT. § 806.06(4). *Id*. at ¶¶ 23–24. Rather, the court concluded that it must "determine if any Wisconsin statute authorizes an award of attorneys' fees under § 1988 as a taxable cost." *Id*. at ¶ 25. It then examined the language of WIS. STAT. § 814.04(2) providing that "statutorily approved costs include '[a]ll the necessary . . . fees allowed by law.' " *Id*. at ¶ 26. The court concluded that the attorneys' fees authorized under the federal statute "are allowed by law" and that they "are a 'necessary' cost of litigation to which a prevailing party is entitled." *Id*. at ¶ 27.

¶ 12.  Accordingly, the supreme court held that "attorneys' fees must be taxed and inserted in the judgment within 30 days of the entry of judgment or notice of entry of judgment pursuant to WIS. STAT. § 806.06(4)." *Id*. at ¶ 30. The court pointed out that its holding did "not negate the recognition that an award of attorneys' fees based upon the status of a prevailing party is a consideration separate from the underlying merits of the cause of action," and it acknowledged that parties could stipulate "to postpone

813

the issue of attorneys' fees or seek[] to stay the proceedings" pending an appeal. *Id*. Because the plaintiff in *Hartman* sought neither an award of actual attorneys' fees, nor to have the issue postponed, until many months had elapsed after the entry of judgment and its affirmance on appeal, the court declared the attorneys' fees request "untimely." *Id*. at ¶ 37 n.12.

¶ 13.   Purdy contends that the rationale of *Hartman* should not govern the present facts. He notes that his request for actual attorneys' fees is based on a contract, not a statute, and that the request in *Hartman* was made pursuant to 42 U.S.C. § 1988 which specifically provides that § 1988 attorneys' fees are "costs." However, we conclude that the proffered distinctions are unavailing. As we have noted, the supreme court did not find the use of the word "cost" in the federal statute decisive in *Hartman*, but focused instead on whether the requested attorneys' fees were "allowed by law" and whether they represented a " 'necessary' cost of litigation to which a prevailing party is entitled" under WIS. STAT. § 814.04(2). *Id*. at ¶¶ 26–27. After making the same two inquiries regarding the fees Purdy seeks to recover, we arrive at the same result reached by the supreme court in *Hartman*.

¶ 14.   The contractual provision on which Purdy relies provided that he and Cap Gemini had agreed that "all expenses (including reasonable attorneys' fees and disbursements) of the prevailing party in any [action or proceeding to enforce any . . . covenant in the employment agreement] shall, on demand of the prevailing party, be paid by the non-prevailing party." The action Cap Gemini brought against Purdy was to enforce a covenant in the employment agreement, and Purdy became the prevailing party in that action. By first moving the original trial court for his attorneys' fees,

and later by commencing this action, Purdy has asserted an entitlement to recover his actual expenses in successfully defending against Cap Gemini's action. That is, Purdy is pursuing a legally enforceable claim to be reimbursed the actual attorneys' fees he incurred in the prior litigation. *See, e.g., Kremers-Urban Co. v. American Employers Ins.*, 119 Wis. 2d 722, 744, 351 N.W.2d 156 (1984) (noting that "a statute or enforceable contract" may render attorneys' fees recoverable, notwithstanding the general "American rule" that each party to a lawsuit must bear its own costs of litigation).

¶ 15. We can find no basis to conclude that the fees Purdy claims under his employment agreement are any less "allowed by law" or a "necessary cost of litigation" than were the fees sought by the plaintiff in *Hartman*. Nothing in Wis. STAT. § 814.04, or in the supreme court's analysis of that section in *Hartman*, suggests that a distinction should be made between a claim for attorneys' fees based on a contract as opposed to one based on a statute. If a party's contractual entitlement to actual attorneys' fees is contested, we see no reason why a dispute regarding a party's entitlement to fees, or the reasonable amount thereof, cannot be addressed within the context of Wis. STAT. § 806.06(4). This could occur, either by a timely objection and judicial resolution of the issue under Wis. STAT. § 814.10, or, as the supreme court noted in *Hartman*, by a timely request to postpone consideration of the fees issue until such time as the dispute may be fully resolved.

■

¶ 16. Purdy relies on *Rissman v. Owen*, 229 F.3d 586 (7th Cir. 2000), and *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000), for his contention that a statutory time limit on requests for attorneys' fees should not apply "where the substantive

law governing the action" is based on contract law. These cases are readily distinguishable from the present facts, however. In the latter case, not only did the identity of the "prevailing party" change after a successful appeal, thereby rendering the fourteen-day federal cost recovery statute inapplicable to the originally entered judgment, but the parties had stipulated during the trial of the matter "to the bifurcation of attorneys' fees for later hearing," as the supreme court in *Hartman* acknowledges parties may do. *Capital Asset Research Corp.*, 216 F.3d at 1271–72.[5] *Rissman* has even less to say about the question now before us, except perhaps for the court's comment that "[f]ees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award." *Rissman*, 229 F.3d at 588. We wholeheartedly agree with this proposition, and it in no way detracts from our conclusion that WIS. STAT. § 806.06(4) governs the timing of Purdy's claim for attorneys' fees.

---

[5] The Eleventh Circuit observed in *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000), that in the trial of the underlying breach of contract action, "the contract was in evidence and expressly provided for attorneys' fees for the prevailing party, and only the identity of the prevailing party had to be established before that party's right to attorneys' fees became manifest." *Id.* at 1272. The court's observation lends support to our conclusion here that, even though based on a contract rather than a statute, the attorneys' fees Purdy seeks are "allowed by law," given that Purdy's "right to attorneys' fees became manifest" once it was determined that he was the prevailing party in the original Cap Gemini action.

¶ 17.   Purdy also asserts that applying § 806.06(4) to his contract-based claim for attorneys' fees improperly overrides the six-year statute of limitations for contract actions. *See* WIS. STAT. § 893.43. We disagree. The six-year statute of limitations governs contract actions generally, while WIS. STAT. § 806.06(4) provides a time limit which specifically governs the recovery by a party of costs incurred in a given lawsuit. A "cardinal rule" of statutory construction provides that, when two statutes arguably overlap, the statute which more specifically addresses the issue at hand controls. *Jones v. State*, 226 Wis. 2d 565, 576, 594 N.W.2d 738 (1999).

¶ 18.   We conclude, as well, that policy considerations underlying WIS. STAT. § 806.06(4) support its application here in preference to the general, six-year limitation for contract actions under WIS. STAT. § 893.43. The circuit court that presides over the litigation has the expertise and best opportunity to fully consider the matter of attorneys' fees requested by a prevailing party. *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 537, 335 N.W.2d 390 (1983). That court is keenly aware of the amount of time consumed by an action and of the nature and complexity of the issues raised. *Tesch v. Tesch*, 63 Wis. 2d 320, 334–35, 217 N.W.2d 647 (1974). In addition, the court has the opportunity to observe all of the work which has gone into an action from its commencement, as well as to assess the quality of the services rendered by counsel. *Id*.

¶ 19.   Thus, it is highly appropriate to require that attorneys' fees requests be brought before the court that entered judgment, and further, that this be done promptly, while the relevant facts and factors are still fresh in the minds of the trial judge, the parties, and

817

their counsel. This is especially true given that the reasonableness of requested attorneys' fees is not always easily ascertainable and is often subject to dispute. The present trial court well expressed these policy considerations when it granted Cap Gemini's motion to dismiss Purdy's action:

> I've had nothing to do with this case in any way, shape or form . . . . We have the same parties, we have basically the same kinds of issues . . . and so I do believe that when we're talking about costs, then certain procedures apply. The procedures are statutory, the procedures are found in 806.06 sub. 4. . . . And I think part of the reason is the difficulties we're facing here aside from having a court that would have a great deal of trouble having to judge the reasonableness of the fees that are being requested, we also have very stale information in terms of defending against it. I think these are the kinds of detailed issues which the courts and I think attorneys want to address while matters are far fresher and that certainly cannot be said today.

¶ 20. In short, Purdy's position leads to an unreasonable result. Purdy would have us permit a party to commence a separate action for attorneys' fees incurred in prior litigation, for up to six years following a judgment, thereby requiring a judge who may be completely unfamiliar with the case, or many months or years removed from it, to make a determination as to the reasonableness of the attorneys' fees requested. For this reason as well, we reject the contention that the six-year statute should apply on the present facts in lieu of WIS. STAT. § 806.06(4). Because we conclude that Purdy's claim for attorneys' fees is untimely under § 806.06(4), we do not address whether his claim is also barred under the doctrine of claim preclusion.

## CONCLUSION

¶ 21. For the reasons discussed above, we affirm the order of the circuit court dismissing Purdy's action.

*By the Court.*—Order affirmed.