Lisa K. ALBERTE, Plaintiff-Appellant.

v.

ANEW HEALTH CARE SERVICES, INC., Defendant-Respondent.†

Court of Appeals

*No. 03–2674. Submitted on briefs June 2, 2004.—Decided June 29, 2004.*

**2004 WI App 146**

(Also reported in 685 N.W.2d 614.)

† Petition to review denied 9-16-04.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John D. Uelmen* of *Fair Employment Legal Services*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Arthur E. Beck* and *Katherine L. Williams* of *Beck, Chaet & Bamberger, S.C.*, Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Lisa K. Alberte appeals from an amended judgment entered following the trial court's refusal to include in that amended judgment her reasonable attorney's fees following acceptance by Anew Health Care Services, Inc., of her offer to settle her claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17. Alberte contends that her offer of settlement, proffered under Wis. Stat. Rule 807.01(3), included her reasonable attorney's fees in the offer's word "costs." The trial court disagreed. We reverse and remand with directions.

## I.

¶ 2. Lisa K. Alberte sued Anew Health Care Services, Inc., contending that it had discriminated against her because of her disability. *Alberte v. Anew Health Care Servs., Inc.*, 2000 WI 7, ¶ 3, 232 Wis. 2d 587, 589–590, 605 N.W.2d 515, 516. The only thing in dispute on this appeal is whether the offer of settlement proffered by Alberte and accepted by Anew Health Care included Alberte's reasonable attorney's fees. The operative part of Alberte's offer reads in full:

> PLEASE TAKE NOTICE that, pursuant to Sec. 807.01(3), Stats., Plaintiff Lisa K. Alberte hereby offers to settle all claims against the Defendant Anew Health

574

Care Services, Inc., for the sum of $20,000.00 (Twenty-thousand dollars) with costs.

The offer of settlement was dated February 13, 2001. Later, on February 22 and 23, 2001, the lawyers for each of the parties spoke by telephone and disagreed whether the word "costs" included Alberte's reasonable attorney's fees—Alberte contended that it did; Anew Health Care contended that it did not. Later on February 23, Anew Health Care's lawyer faxed to Alberte's lawyer a document purporting to accept Alberte's offer of settlement, but adding the following underlined language (which was not underlined in the original); "with costs as defined under Wis. Stat. § 814.04 and § 814.16." Alberte's lawyer took this addition as a counter-offer and rejected it.

¶ 3. Subsequently, the parties stipulated that Alberte's original offer of settlement would be deemed to have been accepted and that the dispute of what was encompassed by the word "costs" would be judicially resolved:

> It is FURTHER STIPULATED AND AGREED, that the above-captioned matter will be set on for further hearing by the Court for a determination of the amount of costs to be paid by the Defendant under the terms of the settlement, with judgment to be rendered and entered by the Court in accordance with this determination.

Initially, the trial court awarded to Alberte attorney's fees of $22,928, plus what it termed "other disbursements" of $1,535.03, for a total judgment of $44,463.03. On remand, however, following our summary reversal because the trial court appeared to disregard the offer of settlement in awarding judgment, the trial court held that attorney's fees were not included in the offer of

575

settlement's use of the word "costs," and, accordingly, directed entry of an amended judgment for "$20,000.00 plus costs in the amount of $3,123.03, for a total judgment of $23,123.03." No one on this appeal challenges the $3,123.03 figure, except that Alberte contends that her reasonable attorney's fees should be added.

## II.

¶ 4. This appeal asks us to apply the terms of Alberte's offer of settlement, and interpret various statutes and rules. This presents issues of law subject to our *de novo* review. *State v. Setagord*, 211 Wis. 2d 397, 405–406, 565 N.W.2d 506, 509 (1997) (statutes); *Broadhead v. State Farm Mut. Auto. Ins. Co.*, 217 Wis. 2d 231, 250, 579 N.W.2d 761, 767–768 (Ct. App. 1998) (WIS. STAT. RULE 807.01(3)); *Kimberly Area Sch. Dist. v. Zdanovec*, 222 Wis. 2d 27, 51, 586 N.W.2d 41, 51 (Ct. App. 1998) (settlement agreement). Federal statutes are also implicated by this case, and in applying them we are bound only by decisions of the United States Supreme Court, *Alberte*, 2000 WI 7, ¶ 7, 232 Wis. 2d at 591, 605 N.W.2d at 517, and those decisions of the Wisconsin Supreme Court and precedential decisions of this court that do not conflict with United States Supreme Court decisions, *State v. Whitaker*, 167 Wis. 2d 247, 261, 481 N.W.2d 649, 655 (Ct. App. 1992). Decisions of other federal courts may, of course, be helpful to our analysis of federal law. *Alberte*, 2000 WI 7, ¶ 7, 232 Wis. 2d at 591, 605 N.W.2d at 517.

¶ 5. WISCONSIN STAT. RULE 807.01(3) provides, as material here:

> After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, *with costs.* If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. . . . If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the *taxable costs.*

(Emphasis added.) The phrase "taxable costs" in RULE 807.01(3) means those costs "allowed as items of cost under" WIS. STAT. RULE 814.04. *Prosser v. Leuck*, 225 Wis. 2d 126, 146, 592 N.W.2d 178, 186 (1999). We are aware of nothing that indicates that the word "costs" in the first part of RULE 807.01(3) means anything other than "taxable costs." Costs recoverable under RULE 814.04 include "fees allowed by law." RULE 814.04(2).

¶ 6. As we show below, a plaintiff who prevails in a suit brought under the Americans with Disabilities Act may recover his or her reasonable attorney's fees. The parties assume, and we accept, that Alberte "prevailed" in her claim of disability discrimination. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980) (party settling on favorable terms has "prevailed"). When an offer-of-settlement provision is implicated, as it is here, costs are added to any settlement, unless the terms of the settlement provide otherwise. *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (applying Rule 68 of the Federal Rules of Civil Procedure). As *Marek* explains:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does

577

not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs.

*Id.*, 473 U.S. at 6 (applying Rule 68) (internal citation omitted, emphasis by *Marek*). Moreover, "where the underlying statute defines 'costs' to include attorney's fees" such fees are "included as costs" under the offer-of-settlement provision. *Id.*, 473 U.S. at 9 (applying Rule 68).[1]

---

[1] Rule 68 of the Federal Rules of Civil Procedure provides in full:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

¶ 7. There, are, arguably, three sources of Alberte's right to attorney's fees: (1) the Americans with Disabilities Act itself, under 42 U.S.C. § 12205; (2) under Title VII, 42 U.S.C. § 2000e-5(k), which is made applicable to the Americans with Disabilities Act by 42 U.S.C. § 12117; and (3) under 42 U.S.C. § 1988(b), made applicable to the Americans with Disabilities Act by 42 U.S.C. § 1981a(a)(2). The material parts of these provisions, with the pivotal language placed in italics, are, in sequence:

(1)

**42 U.S.C. § 12205:**

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, *a reasonable attorney's fee, including litigation expenses, and costs.*

(2)

**42 U.S.C. § 12117(a):**

> The powers, remedies, and procedures set forth in sections 2000e-4, *2000e-5,* 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides ... to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

**42 U.S.C. § 2000e-5(k):**

> In any action or proceeding under this subchapter the court, in its discretion, may

579

allow the prevailing party, other than the Commission or the United States, *a reasonable attorney's fee (including expert fees) as part of the costs.*

(3)

**42 U.S.C. § 1981a(a)(2):**

In an action brought by a complaining party under the powers, remedies, and procedures set forth in section . . . 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5 . . .) (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), . . . the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

(Parentheses in original.)

**42 U.S.C. § 1988(b):**

In any action or proceeding to enforce a provision of section[] . . . *1981a,* . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, *a reasonable attorney's fee as part of the costs.*

As can be seen, both § 2000e-5(k) and § 1988(b) permit recovery of "a reasonable attorney's fee as part of the costs." *Marek,* 473 U.S. at 9 ("where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs") (applying Rule 68). On the other hand, the specific attorney's fee

language in the Americans with Disabilities Act, § 12205, does not. Rather, § 12205 refers to two separate components of collateral recovery for the prevailing rights-denied plaintiff: (1) "a reasonable attorney's fee, including litigation expenses," and (2) "costs." *Webb v. James*, 147 F.3d 617, 622–623 (7th Cir. 1998) ("Congress did not define costs to include [attorney's] fees for the purposes" of the Americans with Disabilities Act). The trial court viewed this distinction to be critical and, following *Webb*, held that attorney's fees were not an item of costs recoverable under an offer of settlement made under WIS. STAT. RULE 807.01(3). But both *Marek* and *Webb* were applying Rule 68 of the Federal Rules of Civil Procedure to the fee-shifting statutes, *Marek*, 473 U.S. at 9, *Webb*, 147 F.3d at 619, and Rule 68 does not define "costs," unlike the situation in Wisconsin where, as noted, under the synergism between RULES 807.01(3) and 814.04(2), "costs" includes "[a]ll fees allowed by law." As *Hartman v. Winnebago County*, 216 Wis. 2d 419, 574 N.W.2d 222 (1998), teaches, this is crucial to our analysis.

¶ 8. *Hartman* decided that attorney's fees permitted by 42 U.S.C. § 1988(b) were subject to the time limit in WIS. STAT. RULE 806.06 for the taxation of costs and the perfection of the judgment. *Hartman*, 216 Wis. 2d at 428–434, 574 N.W.2d at 227–229. The decision's fulcrum was that under WIS. STAT. RULE 814.04(2) "taxable costs" included "[a]ll the necessary . . . fees allowed by law," and that this included the attorney's fees permitted by § 1988(b). *Hartman*, 216 Wis. 2d at 432, 574 N.W.2d at 228–229. As we have seen, § 1988(b) designates "a reasonable attorney's fee as part of the costs," and *Hartman* noted that this "plain language . . . specifically provides that § 1988 attorneys' fees are costs." *Hart-*

*man*, 216 Wis. 2d at 430, 574 N.W.2d at 228. But *Hartman* went further, and explained:

> Arguably, because an action for attorneys' fees pursuant to § 1988 is based upon federal substantive law, we need only look to the federal statutory language and this court's interpretation of it to determine that § 1988 attorneys' fees are costs. We recognize, however, that "[t]he fact that a statute incorporates within its text the word 'cost' is not conclusive evidence that the statute in question authorizes the taxation of costs" in accordance with Wisconsin statutes.

*Hartman*, 216 Wis. 2d at 430–431, 574 N.W.2d at 228 (quoted source omitted). Noting that fee-shifting statutes serve valuable public-policy interests by permitting citizens " 'to recover what it costs them to vindicate [their civil] rights in court,' " *id.*, 216 Wis. 2d at 433, 574 N.W.2d at 229 (quoted source omitted), *Hartman* held that "§ 1988(b) attorneys' fees are 'necessary fees allowed by law,' " under RULE 814.04(2), *Hartman*, 216 Wis. 2d at 432, 574 N.W.2d at 228–229. Nothing in *Hartman* indicates that this holding turned on the specific wording of § 1988(b), because if it had the analysis would have been surplusage. Thus it is binding on us. *See Chase v. American Cartage Co.*, 176 Wis. 235, 238, 186 N.W. 598, 599 (1922) ("[W]hen a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision."). Indeed, we have recognized that *Hartman* "did not find the use of the word cost in [§ 1998(b)] decisive . . . but focused instead on whether the requested attorneys' fees were allowed by law and whether they represented a necessary cost of litigation to which a prevailing party is entitled under

WIS. STAT. § 814.04(2)." *Purdy v. Cap Gemini Am., Inc.*, 2001 WI App 270, ¶ 13, 248 Wis. 2d 804, 814, 637 N.W.2d 763, 768 (claims for attorney's fees permitted by contract are "costs" that must be taxed within the time set by RULE 806.06(4)) (quoting *Hartman*, 216 Wis. 2d at 432, 574 N.W.2d at 228–229) (internal quotation marks omitted). In light of this, Alberte is entitled to her reasonable attorney's fees as an item of costs under RULE 814.04(2) as provided for by WIS. STAT. RULE 807.01(3).[2] We remand this case to the trial court for taxation of Alberte's reasonable attorney's fees.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[2] We therefore need not decide whether the language in both 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988(b) (which provides that a "reasonable attorney's fee [is] part of the costs") trumps 42 U.S.C. § 12205 (which provides that a "reasonable attorney's fee" and "costs" are separate items of recovery), or consider either Alberte's argument that the United States Constitution prohibits denying her reasonable attorney's fees, or whether under the last sentence of WIS. STAT. RULE 807.01(3) reasonable attorney's fees are doubled "[i]f the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment." *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").