Edley H. Stewart and Lurline E. Stewart,
Plaintiffs-Appellants,

v.

Farmers Insurance Group, d/b/a Fire Insurance
Exchange, d/b/a Farmers Insurance Exchange,
Defendant-Respondent.

Court of Appeals

*No. 2008AP1605. Submitted on briefs June 2, 2009.
—Decided August 25, 2009.*

2009 WI App 130

(Also reported in 773 N.W.2d 513.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Trisha R. Stewart Martin* of *Stewart Law Offices* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Patrick A. O'Neil* of *Piper & Schmidt*, of Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. Edley H. and Lurline E. Stewart (collectively referred to as the Stewarts) appeal from a judgment and an amended order for judgment issued after the trial court refused to award them actual attorney fees and other expenses following their acceptance of Farmers Insurance Group's, d/b/a Fire Insurance Exchange, d/b/a Farmers Insurance Exchange (collectively referred to as Farmers), offer of judgment. On appeal, in addition to seeking actual attorney fees and other expenses, the Stewarts assert that they are entitled to interest on the amounts awarded to them at arbitration pursuant to WIS. STAT. §§ 628.46 and 814.04(4) (2007–08).[1] We conclude that: (1) when the Stewarts settled their bad faith action for $5000, that settlement encompassed the actual attorney fees and expenses they now seek, which are compensatory damages; and (2) in accordance with the arbitration stipulation, because the Stewarts were not entitled to recover from Farmers due to the fact that the total amount awarded was less than the amount of the Stewarts' settlement with Menards, they are not entitled to interest under §§ 628.46 and 814.04(4). Accordingly, we affirm.

## I. BACKGROUND.

¶ 2. On January 10, 2000, Donald Musial, an employee for Menards, drove a Menards truck into the

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

393

home of Edley and Lurline Stewart. Musial did not have personal automobile insurance at the time. The truck crashed through the Stewarts' living room wall, causing damage to the physical structure of their house and resulting in personal injuries to them. At the time of the incident, the Stewarts had homeowners and automobile insurance through Farmers.

¶ 3. After receiving notice of the accident, a representative from Farmers inspected the damage to the Stewarts' home and personal belongings. On February 29, 2000, Farmers paid the Stewarts $805.97 as a settlement for their personal property claims. The Stewarts returned the check on April 5, 2000, as an unreasonable underestimation of their loss. The Stewarts claim that Farmers never responded to their attempt to negotiate their personal property claim, and Farmers asserts the Stewarts never provided any documentation to support their claim that the value of their property losses exceeded the amount offered.

¶ 4. On April 15, 2002, the Stewarts commenced a lawsuit against Farmers, seeking to recover for the property damage and personal injuries they sustained. The complaint alleged that Farmers breached its insurance contract and acted in bad faith. The Stewarts filed a separate suit against Menards and Musial on January 9, 2003. The two lawsuits were later consolidated. On May 24, 2004, the Stewarts settled with Menards and Musial for $57,000 with a reservation of their right to continue to pursue damages against Farmers in excess of $57,000. After the settlement, the Stewarts continued their bad faith and breach of contract claims against Farmers.

¶ 5. In response to the continued litigation, Farmers filed a motion for summary judgment. The dismissal was eventually granted but reversed on appeal to this

court. *See Stewart v. Farmers Ins. Group*, No. 2004AP3058, unpublished slip op. (WI App Feb. 14, 2006). Following remand, the parties stipulated to a stay pending arbitration of the Stewarts' claims related to personal injury, property damage, and medical expenses. The stipulation provided that the $57,000 settlement with Menards would be subtracted from the amount awarded at arbitration so that Farmers would only pay the difference. The bad faith claim was not part of the arbitration.

¶ 6. As to the Stewarts' personal property damage, the arbitrator found that all but the $805.97 previously tendered by Farmers was barred by the statute of limitation. In addition, the arbitrator awarded $14,849 on Edley Stewart's personal injury claim and $21,837.50 on Lurline Stewart's personal injury claim, for a total award of $36,686.50. Due to the arbitration stipulation and the amount awarded for damages, Farmers did not owe anything to the Stewarts on their property or personal injury claims (with the exception of the previously tendered $805.97).

¶ 7. Following the arbitration, only the bad faith claim remained and trial was set for March 2008. In February 2008, Farmers made an offer of judgment to the Stewarts "for $5000, plus taxable costs, in exchange for a general release of all claims that they may have against them." The Stewarts accepted this offer, and the court ordered that judgment be entered against Farmers.

¶ 8. The Stewarts subsequently filed with the judgment clerk a notice of taxation with a bill of costs totaling $46,571.73. As costs, they included actual attorney fees, filing and service fees related to their action against Menards, the arbitration fee, and interest on the arbitration award pursuant to Wis. Stat. § 628.46.

The Stewarts contended that their acceptance of Farmers' offer of judgment on the bad faith claim entitled them to actual attorney fees and interest. The judgment clerk declined to include all of the proposed costs and instead, entered judgment with costs taxed in the amount of $6,816.57.

¶ 9. Disagreeing with the judgment clerk's award, the Stewarts filed a motion for review of the taxation of costs. The trial court denied the Stewarts' request for actual attorney fees and the various expenses sought, along with their request for interest pursuant to WIS. STAT. §§ 628.46 and 814.04(4). However, based on the version of § 814.04 in effect at the time of the hearing,[2] the trial court slightly increased the statutory attorney fee and added amounts for photocopying and facsimile expenses. An amended order for judgment was entered in the amount of $7,286.84. The Stewarts now appeal.

## II. ANALYSIS.

*A. Standard of review.*

■■

¶ 10. The Stewarts raise issues related to the recovery of actual attorney fees and other expenses, relying on WIS. STAT. § 814.04(2), and the recovery of statutory interest on the amounts awarded at arbitration, pursuant to WIS. STAT. §§ 628.46 and 814.04(4).

---

[2] The Stewarts' suit was originally filed in 2002, and at that time WIS. STAT. § 814.04 (2001–02) did not allow for the recovery of photocopying and facsimile expenses. However, the version in effect when the bill of costs was submitted in 2008 did provide for those expenses, in addition to increasing the amount of statutory attorney fees that were recoverable from $100 to $300. *See* 2003 Wis. Act 138, §§ 11, 13.

Resolution of these issues presents questions of statutory interpretation and application, which are questions of law that this court reviews *de novo*. *See WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, ¶ 45, 310 Wis. 2d 397, 751 N.W.2d 736.

 *B. The accepted offer of judgment encompassed the Stewarts' actual attorney fees and the other expenses they seek to recover on appeal.*

■

 ¶ 11. The parties agree that attorney fees are recoverable as "compensatory damages" in bad faith actions. *See DeChant v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 572–73, 547 N.W.2d 592 (1996) ("When an insurer acts in bad faith, a plaintiff is allowed to recover for all detriment proximately resulting from the insurer's bad faith, which includes . . . those attorney's fees that were incurred to obtain the policy benefits that would not have been incurred but for the insurer's tortious conduct.") (footnote omitted). The parties differ, however, with respect to their assessment of the effect that the compensatory damages label has on the Stewarts' recovery of actual attorney fees in this matter. According to the Stewarts, WIS. STAT. § 814.04(2)'s provision that costs shall include "[a]ll the necessary disbursements and fees allowed by law" makes clear that they are entitled to tax their actual attorney fees because such fees are allowed by law under *DeChant*. That case law categorizes attorney fees in bad faith actions as compensatory damages, and not costs, according to the Stewarts is not significant. In contrast, Farmers emphasizes the label and takes the position that attorney fees in bad faith actions are an item of damages—not costs—and as such are not recoverable under § 814.04(2).

¶ 12. Pursuant to Wis. Stat. § 807.01(1), "[a]fter issue is joined but at least 20 days before the trial, the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against the defendant for the sum, or property, or to the effect therein specified, with costs."[3] The costs referenced relate to those set forth in Wis. Stat. § 814.04, including "[a]ll the necessary disbursements and fees allowed by law."[4]

[3] Wisconsin Stat. § 807.01(1) reads:

> After issue is joined but at least 20 days before the trial, the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against the defendant for the sum, or property, or to the effect therein specified, with costs. If the plaintiff accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the plaintiff may file the offer, with proof of service of the notice of acceptance, and the clerk must thereupon enter judgment accordingly. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of judgment is not accepted and the plaintiff fails to recover a more favorable judgment, the plaintiff shall not recover costs but defendant shall recover costs to be computed on the demand of the complaint.

[4] Wisconsin Stat. § 814.04 sets forth items of costs that "shall" be recoverable by a plaintiff upon recovery and provides, in relevant part:

> **(1)** Attorney fees. (a) When the amount recovered or the value of the property involved is greater than the maximum amount specified in s. 799.01(1)(d), attorney fees shall be $500; when it is equal to or less than the maximum amount specified in s. 799.01(1)(d), but is $1,000 or more, attorney fees shall be $300; when it is less than $1,000, attorney fees shall be $100. In all other cases in which there is no amount recovered or that do not involve property, attorney fees shall be $300.

> (c) No attorney fees may be taxed on behalf of any party unless the party appears by an attorney other than himself or herself.

> **(2)** Disbursements. *All the necessary disbursements and fees allowed by law;* the compensation of referees; a reasonable dis-

Sec. 814.04(2); *see also Alberte v. Anew Health Care Servs., Inc.*, 2004 WI App 146, ¶ 8, 275 Wis. 2d 571, 685 N.W.2d 614.

¶ 13. The Stewarts rely on cases involving fee-shifting provisions to support their argument that WIS. STAT. § 814.04(2) should be interpreted to allow taxation of all disbursements and fees allowed by law even when not labeled as taxable costs in the law authorizing recovery of fees and expenses. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2007 WI 98, ¶¶ 3–4, 303 Wis. 2d 258, 735 N.W.2d 93 (*Kolupar II*) (allowing recovery of reasonable attorney fees and costs related to plaintiff's claim under fee-shifting provision of consumer protection statute regulating motor vehicle dealers); *Alberte*, 275 Wis. 2d 571, ¶ 8 (explaining that in accordance with relevant fee-shifting provisions, the plaintiff was entitled to her reasonable attorney fees as an item of costs under WIS. STAT. § 814.04(2) for claim arising under the Americans with Disabilities Act and Title VII of the Civil Rights Act); *Purdy v. Cap Gemini Am., Inc.*, 2001 WI App 270, ¶¶ 3, 13, 248 Wis. 2d 804, 637 N.W.2d 763 (holding that in a contract case providing that the

---

bursement for the service of process or other papers in an action when the same are served by a person authorized by law other than an officer, but the item may not exceed the authorized sheriff's fee for the same service; amounts actually paid out for certified and other copies of papers and records in any public office; postage, photocopying, telephoning, electronic communications, facsimile transmissions, and express or overnight delivery; depositions including copies; plats and photographs, not exceeding $100 for each item; an expert witness fee not exceeding $300 for each expert who testifies, exclusive of the standard witness fee and mileage which shall also be taxed for each expert; and in actions relating to or affecting the title to lands, the cost of procuring an abstract of title to the lands. Guardian ad litem fees shall not be taxed as a cost or disbursement.

(Emphasis added.)

prevailing party could recover "all expenses (including reasonable attorneys' fees and disbursements)," such fees were a necessary cost of litigation to which the prevailing party was entitled under § 814.04(2)); and *Hartman v. Winnebago County*, 216 Wis. 2d 419, ¶¶ 12 n.6, 27, 574 N.W.2d 222 (1998) (addressing the plaintiffs' request for attorney fees pursuant to 42 U.S.C. § 1988(b), which provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" and concluding that in this context, attorney fees are allowed by law and are a "necessary" cost of litigation to which a prevailing party is entitled pursuant to § 814.04(2)). These cases are at odds with the circumstances presented here.

■

¶ 14. This is not a situation where statutory or contractual fee shifting is involved. Here, the Stewarts are not entitled to additional compensation; only their attorney is entitled to additional compensation in the form of statutory attorney fees allowed under WIS. STAT. § 814.04(1). *See Reusch v. Roob*, 2000 WI App 76, ¶ 35, 234 Wis. 2d 270, 610 N.W.2d 168 ("In reaching its decision, however, the [*DeChant*] court recognized the subtle but significant difference between attorney's fees attributable to bringing a lawsuit and those recoverable as damages resulting from a tort. The former is intended to compensate the attorneys, whereas the latter is intended to compensate the victims.") (citing *DeChant*, 200 Wis. 2d at 575–77). By accepting Farmers' $5000 offer of judgment, the Stewarts acknowledged that that amount was sufficient compensation for their damages, inclusive of actual attorney fees. Consequently, we agree with Farmers that as damages resulting from the tort of bad faith, attorney fees do not

remain attorney fees, but instead are transformed into damages. *See Majorowicz v. Allied Mut. Ins. Co.*, 212 Wis. 2d 513, 537, 569 N.W.2d 472 (Ct. App. 1997) (contrasting an award of attorney fees on a punitive damage award, which began as and remain attorney fees awarded *in addition to* compensatory damages, with an award of attorney fees recoverable in proving a bad faith claim, which are *not* awarded as attorney fees, but *instead* as an item of damages caused by an insurer's bad faith refusal to pay benefits owed); *see also DeChant*, 200 Wis. 2d at 580 (Abrahamson, J. concurring). Actual attorney fees in the context of a bad faith claim are not a necessary *cost* of litigation to which a prevailing party is entitled—instead, they are an item of *damages* intended to compensate the victims.

¶ 15. The Stewarts argue that relevant case law does not suggest that recovery of fees in a bad faith action is limited to only those plaintiffs who proceed to trial. However, in the absence of an express reservation of the right to recover actual attorney fees in an accepted offer of judgment, we think this is exactly what the case law suggests. All of the cases relied on by the Stewarts involve jury findings of bad faith. *See Danner v. Auto-Owners Ins.*, 2001 WI 90, 245 Wis. 2d 49, 629 N.W.2d 159; *Allied Processors, Inc. v. Western Nat'l Mut. Ins. Co.*, 2001 WI App 129, 246 Wis. 2d 579, 629 N.W.2d 329; *DeChant*, 200 Wis. 2d 559. Although *Jones v. Secura Insurance Co.*, 2002 WI 11, 249 Wis. 2d 623, 638 N.W.2d 575, another case cited by the Stewarts, differs in that it states only that the plaintiffs could recover damages, including attorney fees, *if* they proved their allegations of bad faith, those circumstances are nevertheless at odds with those at issue

here where actual attorney fees are sought following the plaintiffs' acceptance of an offer of judgment. *See id.*, ¶ 38.

¶ 16. The Stewarts further assert that "if there were such a limitation, plaintiffs who are presented with an offer of judgment and thus did not wish to take a gamble on a trial, would be placed in a no-win situation." According to the Stewarts, if the plaintiffs accept the offer, they lose their right to recover fees having not obtained a judgment following a trial, and if they decline the offer, but fail to recover a greater amount at trial, they lose their right to recover costs and fees and are responsible for the insurer's costs. Given that attorney fees in a bad faith action are a type of damages, we agree with Farmers that the no-win situation the Stewarts claim will result is no different than that which is presented to plaintiffs in any other case involving an offer of judgment pursuant to WIS. STAT. § 807.01. As would be the choice put to plaintiffs in any bad faith, personal injury, or contract case, Farmers explains:

> Plaintiffs may choose to accept the offer if they believe that it adequately compensates them for their damages, which, in bad faith actions, include attorney fees. In the alternative, plaintiffs can reject the offer and seek to prove the damages at trial. In taking this chance, plaintiffs run the risk of having to pay defendants' costs if the plaintiffs fail to recover a more favorable judgment.

Furthermore, we see no reason why the Stewarts could not have sought to accept the offer of judgment with a reservation of their right to pursue actual attorney fees or proceeded in some other fashion that put Farmers on notice that they did not believe actual attorney fees were subsumed within the stated amount of the offer.

¶ 17. Next, the Stewarts emphasize the finality of a judgment, even when it results from a stipulation, such as the one at issue in this case. We agree that the stipulated judgment was a final determination of the rights of the parties. *See Tomsen v. Secura Ins.*, 2003 WI App 187, ¶ 9, 266 Wis. 2d 491, 668 N.W.2d 794 ("A trial is not required to determine that the merits of the claim have been litigated. In addition, a stipulation may act as a final judgment.") (citations omitted). We are not denying the Stewarts' request for actual attorney fees on grounds that further factual or legal determinations are required or that the accepted offer of judgment was not a final resolution of their claim; instead, we conclude that the Stewarts' settlement of their bad faith action for $5000 encompassed bad faith attorney fees.

¶ 18. We likewise are not persuaded by the Stewarts' argument that "[u]nder the trial court's interpretation, the attorney fees and expenses are already provided in the $5,000. Thus, the phrase 'plus taxable costs' in the offer of judgment is rendered surplusage and [is] contrary to the terms of sec. 807.01(1) since it requires the offer to set forth a specified amount plus costs." As a result, the Stewarts argue that allowing the costs set forth under WIS. STAT. § 814.04 results in "a duplication of the expenses since they are compensatory damages and under the trial court's interpretation, already included in the $5,000 amount." We disagree. A cost can be both statutorily recoverable under § 814.04 *and* qualify as compensatory damages. *Cf. DeChant*, 200 Wis. 2d at 573 n.5 (concluding that bond premiums are statutorily recoverable costs *and* are recoverable as compensable damages). Similarly, we are not convinced by the Stewarts' argument that this conclusion is at odds with a statement by the original *Kolupar* court that the aggregation of attorney fees and costs is

403

effectively an award of no costs. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 54, 275 Wis. 2d 1, 683 N.W.2d 58 (*Kolupar I*). While the Stewarts are not recovering all of the fees and expenses they seek, they are recovering those to which they are statutorily entitled. Thus, they cannot say that they are receiving no costs in this action. Moreover, *Kolupar I* involved a statute that specifically provided for the recovery of costs and reasonable attorney fees, *see id.*, ¶ 18, which distinguishes it from the case at hand.

¶ 19. In conclusion, the Stewarts' actual attorney fees are not recoverable under WIS. STAT. § 814.04(2); instead, they are damages that were contemplated in the amount of the offer of judgment itself. As to the Stewarts' request for filing and service fees in the action against Menards along with the arbitration fee, these expenses likewise are not recoverable based on *Allied Processors, Inc.*, where the court stated that there was "no principle upon which to distinguish between attorney fees and other expenses incurred in litigating a bad faith claim," *id.*, 246 Wis. 2d 579, ¶ 53, and went on to hold: "[A] prevailing plaintiff in a bad faith action may recover as compensatory damages all reasonable expenses incurred in litigating the bad faith claim," *id.*[5] Thus, the expenses sought by the Stewarts, like the attorney fees, amount to compensatory damages and were subsumed within the amount of the accepted offer of judgment.

¶ 20. This conclusion is not at odds with the exception to the American Rule under bad faith law. If the Stewarts did not think that the offer of judgment

[5] The Stewarts do not contend that the expenses they seek to recover are specifically enumerated within WIS. STAT. § 814.04(2).

adequately compensated them for their damages in this matter—specifically compensable damages in the form of actual attorney fees and other expenses—they should not have accepted it. Instead, by accepting the offer of judgment, they represented to Farmers that that amount adequately compensated them for their alleged damages.

*C. The Stewarts are not entitled to WIS. STAT. §§ 628.46 or 814.04(4) interest on the amounts awarded to them at arbitration.*

1. Interest under WIS. STAT. § 628.46.

■

¶ 21. According to the Stewarts, because they prevailed on their bad faith claim, they are entitled to WIS. STAT. § 628.46 interest on the amounts awarded to them at arbitration. Under § 628.46, insurers must pay an insurance claim within thirty days of receiving written notice of the claim, unless the insurer has "reasonable proof" that it is not liable.[6] The insurer's

---

[6] WISCONSIN STAT. § 628.46(1) and (2) provide:

(1) Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. For the purpose of calculating the extent to which any

failure to timely pay a claim under this section renders it liable for 12% annual interest from the date the claim was due until paid, where the insurer has clear liability, the claimant is due a "sum certain" amount, and the insurer receives written notice of the claim and its amount. *Kontowicz v. American Standard Ins. Co. of Wis.*, 2006 WI 48, ¶ 2, 290 Wis. 2d 302, 714 N.W.2d 105.

■

¶ 22. As stated above, the stipulation the Stewarts entered into with Farmers regarding the arbitration provided that the $57,000 settlement with Menards would be subtracted from the total of the Stewarts' damages so that Farmers was only responsible for paying the difference between the award and the settlement. As to the Stewarts' personal property damage, the arbitrator found that all but the previously tendered $805.97 was barred by the statute of limitation. The arbitrator also awarded $14,849 on Edley Stewart's personal injury claim and $21,837.50 on Lurline Stewart's personal injury claim, for a total

claim is overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. All overdue payments shall bear simple interest at the rate of 12% per year.

(2) Notwithstanding sub. (1), the payment of a claim shall not be overdue until 30 days after the insurer receives the proof of loss required under the policy or equivalent evidence of such loss. The payment of a claim shall not be overdue during any period in which the insurer is unable to pay such claim because there is no recipient who is legally able to give a valid release for such payment, or in which the insurer is unable to determine who is entitled to receive such payment, if the insurer has promptly notified the claimant of such inability and has offered in good faith to promptly pay said claim upon determination of who is entitled to receive such payment.

award of $36,686.50. Based on the stipulation, because the amount awarded at arbitration was less than the Stewarts' $57,000 settlement with Menards, Farmers was absolved of any obligation to pay the Stewarts on their property or personal injury claims.[7] Consequently, the Stewarts do not have a valid claim for interest pursuant to WIS. STAT. § 628.46. The fact that the

---

[7] The arbitration stipulation provided, in part:

> The arbitration panel will determine a total amount of damages for each of the plaintiffs for personal injury, property damage, and medical expenses. The $57,000.00 already paid to the plaintiffs by Menards will be subtracted from the combined total of the plaintiffs' damages such that Farmers will only pay the difference, if any, between the total amount awarded by the arbitration panel and the $57,000.00 paid to the plaintiffs by Menards, subject to the insurance policy limits.

Notwithstanding this language, the arbitrator concluded that "Farmers must pay the $805.97 that was tendered upon the timely filed claims." Consequently, Farmers retendered a check for property damage to the Stewarts. It is worth pointing out that just over one month following the accident, Farmers had forwarded a check to the Stewarts for $805.97 on their property damage claim. The Stewarts returned the check contending that it did not reasonably compensate them for their losses. Given this context, where any unnecessary delay in their receipt of payment was due to the fact that the Stewarts rejected Farmers' initial attempt to promptly pay the property damage component of their claim, there is no basis for an award of WIS. STAT. § 628.46 interest on the same amount, which was later awarded by the arbitrator. *See generally Kontowicz v. American Standard Ins. Co. of Wis.*, 2006 WI 48, ¶ 47, 290 Wis. 2d 302, 714 N.W.2d 105 ("The purpose of WIS. STAT. § 628.46 is to discourage insurance companies from creating unnecessary delays in paying claims owed . . . . We also note that our case law has reasoned that the purpose of § 628.46 is not to penalize insurers, but to compensate claimants for the value of the use of their money.").

parties ultimately stipulated to a judgment on the bad faith claim does not alter this conclusion.

2. Interest under WIS. STAT. § 814.04(4).

¶ 23. Lastly, the Stewarts submit that the plain terms of WIS. STAT. § 814.04 require taxation of interest on the damage amounts determined at arbitration. WISCONSIN STAT. § 814.04(4) reads: "(4) INTEREST ON VERDICT. Except as provided in s. 807.01(4), if the judgment is for the recovery of money, interest at the rate of 12% per year from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs." Based on this language, the Stewarts contend that interest is required on the arbitration awards from the date of the arbitration decision until the date the judgment was entered.

¶ 24. For the same reason the Stewarts are not entitled to interest on the arbitration award pursuant to WIS. STAT. § 628.46, they are not entitled to interest under WIS. STAT. § 814.04(4). Interest on a zero recovery is zero.[8]

---

[8] In addition to the arguments raised above, Farmers asserts that actual attorney fees in a bad faith action and interest pursuant to WIS. STAT. § 628.46 were not properly before the court on a motion for review of taxation of costs because resolution of these issues require conclusions of law and findings of fact, which are beyond the ministerial authority of the clerk of court. Farmers further contends that the question of interest pursuant to WIS. STAT. § 814.04(4) was not properly before the trial court because it was not requested in the Stewarts' bill of costs. Because adequate grounds exist to sustain the judgment and order, we do not address these additional grounds argued by Farmers. See Sweet v. Berge, 113

*By the Court.*—Judgment and order affirmed.

Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of an appeal, we will not decide other issues raised).