Tammy KOLUPAR,
Plaintiff-Appellant†,

v.

WILDE PONTIAC CADILLAC, INC.
and Randall Thompson,
Defendants-Respondents.

Court of Appeals

*No. 2005AP935. Submitted on briefs April 6, 2006.*
*—Decided April 25, 2006.*

2006 WI App 85

(Also reported in 716 N.W.2d 547.)

† Petition to review granted 9-12-06.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Paul M. Erspamer* of *Lisko & Erspamer, S.C.*, of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Brian M. Brejcha* of *Cramer, Multhauf & Hammes, LLP*, of Waukesha.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J. Tammy Kolupar appeals a circuit-court order awarding her $3,523.46 in taxable costs under WIS. STAT. ch. 814. She argues that the circuit court erred in not awarding her actual costs. We affirm.

## I.

¶ 2. This is the second time this case has come to us. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2003 WI App 175, 266 Wis. 2d 659, 668 N.W.2d 798, *aff'd in part and remanded,* 2004 WI 112, 275 Wis. 2d 1, 683 N.W.2d 58. Kolupar sued Wilde to recover damages she claimed resulted from the sale to her by Wilde and its then employee Randall Thompson "of an unsatisfactory used car." *Kolupar*, 2004 WI 112, ¶ 1, 275 Wis. 2d at 6, 683 N.W.2d at 61.[1] As material, Kolupar's claim against Wilde was based on WIS. STAT. § 218.01(9)(b) (1993–94), now found at WIS. STAT. § 218.0163(2). *See Kolupar*, 2004 WI 112, ¶ 18, 275 Wis. 2d at 13, 683 N.W.2d at 64–65. Section 218.01(9)(b) (1993–94) permitted a "retail buyer suffering pecuniary loss" as a result of auto-dealer fraud, *Kolupar*, 2004 WI 112, ¶ 18, 275 Wis. 2d at 13, 683 N.W.2d at 65, to "recover damages for the loss

---

[1] Kolupar also sued Thompson. The circuit court entered a default judgment against him, however. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2004 WI 112, ¶ 7 n.3, 275 Wis. 2d 1, 8 n.3, 683 N.W.2d 58, 62 n.3. Thompson has nothing to do with this appeal.

in any court of competent jurisdiction together with costs, including reasonable attorney fees," as does § 218.0163(2) today.

¶ 3. As previously recounted, this case traversed less-than-direct routes in the circuit court. *See Kolupar,* 2003 WI App 175, ¶ 5, 266 Wis. 2d at 664, 668 N.W.2d at 801. The circuit court set "reasonable attorney fees" under Wis. Stat. § 218.01(9)(b) (1993–94) at $15,000. That determination and award was affirmed by the supreme court, *Kolupar,* 2004 WI 112, ¶ 52, 275 Wis. 2d at 28, 683 N.W.2d at 72, and is thus not at issue here. The supreme court, however, remanded the case to the circuit court for a determination of an appropriate award of costs. *Id.,* 2004 WI 112, ¶¶ 53–55, 275 Wis. 2d at 28–29, 683 N.W.2d at 72.

¶ 4. The dispute over costs stems from Wilde's December of 2001 offer of judgment served on Kolupar pursuant to Wis. Stat. Rule 807.01, where Wilde offered "to allow judgment to be taken against [it] for the sum of Six Thousand Six Hundred ($6,600) Dollars plus the taxable costs of the action." Although Kolupar previously had made offers of settlement for, in the first offer of settlement, "$35,000.00 comprising damages, attorney fees and litigation costs," and in the second offer of settlement for "$8,600.00 in damages" plus "$25,000.00 in attorney fees and litigation costs," Kolupar accepted Wilde's offer of judgment. Kolupar reified her acceptance in a December of 2001 letter to the circuit court:

> I am pleased to advise you that plaintiff, Tammy Kolupar, welcomes the defendant's recent offer of judgment (copy attached to this letter) in the amount of $6,600.00, including an award to plaintiff of taxable costs. We note that pursuant to Sec. 218.01(9) (1994) (the statute plaintiff relies upon in bring [*sic*] the action

against Wilde Pontiac, Cadillac) awards of "costs [are] including a reasonable attorney fee."

> Since this offer will apparently resolve plaintiff's primary claim for damages, it would appear all that would be needed in this case is a hearing to determine the reasonableness and necessity of plaintiff's attorneys fees and litigation expenses.

(Parentheses and second set of brackets by Kolupar.) As support for her contention that she was entitled to her "attorneys fees and litigation expenses," Kolupar referred the circuit court to *Marek v. Chesny*, 473 U.S. 1 (1985), which, as we noted in *Alberte v. Anew Health Care Services, Inc.*, 2004 WI App 146, 275 Wis. 2d 571, 685 N.W.2d 614, applied Rule 68 of the Federal Rules of Civil Procedure to hold that " 'where the underlying statute defines 'costs' to include attorney's fees' such fees are 'included as costs' under the offer-of-settlement provision." *Alberte*, 2004 WI App 146, ¶ 6, 275 Wis. 2d at 578, 685 N.W.2d at 617 (quoting *Marek*, 473 U.S. at 9).

¶ 5. As we have seen, the circuit court on remand from the supreme court awarded to Kolupar her "taxable costs" under WIS. STAT. ch. 814, and not her actual litigation expenses. Given the supreme court's affirmance of the circuit court's attorney-fee award, the only issue we have on this appeal is whether Kolupar is also entitled to her actual costs of litigation.

## II.

¶ 6. "The phrase 'taxable costs' in [WIS. STAT.] RULE 807.01(3) means those costs 'allowed as items of cost under' WIS. STAT. RULE 814.04." *Alberte*, 2004 WI App 146, ¶ 5, 275 Wis. 2d at 577, 685 N.W.2d at 617 (quoted

source omitted). Rule 814.04(2) permits as an item of costs "[a]ll the necessary disbursements and fees allowed by law." Thus, in Wisconsin "taxable costs" encompasses actual litigation expenses when recovery of them is permitted by the applicable fee-shifting statute. *See Alberte*, 2004 WI App 146, ¶ 5, 275 Wis. 2d at 577, 685 N.W.2d at 617.[2] Therefore, the issue on this appeal resolves to whether Wis. Stat. § 218.01(9)(b) (1993–94), or the almost-identical current version, Wis. Stat. § 218.0163(2), permits Kolupar to get her actual litigation expenses in addition to her reasonable attorney fees. We agree with the circuit court that they do not.

¶ 7. As we have seen, Wis. Stat. § 218.01(9)(b) (1993–94) permitted a "retail buyer suffering pecuniary loss" as a result of auto-dealer fraud to recover his or her "damages for the loss . . . together with costs, including reasonable attorney fees." The same is true under the current version of the statute, Wis. Stat. § 218.0163(2). Thus, the core question is whether the legislature intended that the word "costs" in § 218.01(9)(b) (1993–94) include actual litigation expenses. If it did, then those actual litigation expenses are items of taxable costs under Wis. Stat. Rule 814.04(2) as "necessary disbursements and fees allowed by law." *See Alberte*, 2004 WI App 146, ¶¶ 5–8, 275 Wis. 2d at 576–583, 685 N.W.2d at 617–620.

---

[2] As we pointed out in *Alberte v. Anew Health Care Services, Inc.*, 2004 WI App 146, ¶ 7, 275 Wis. 2d 571, 581, 685 N.W.2d 614, 619, Rule 68 of the Federal Rules of Civil Procedure, the federal offer-of-settlement provision applied by *Marek v. Chesny*, 473 U.S. 1 (1985), does not define "costs" to include "[a]ll the necessary disbursements and fees allowed by law," as does Wis. Stat. Rule 814.04(2).

¶ 8. As Wilde points out, although the legislature used only the word "costs" in WIS. STAT. § 218.01(9)(b) (1993–94), in § 218.01(9)(am) (1993–94), it permitted, *in haec verba,* the recovery of "actual costs" when a prohibited auto-dealer practice both affected another "licensee" (not retail buyers like Kolupar) and was "willful."[3] As Wilde contends, and in the absence of any evidence in the Record that the legislature's use of distinctive characterizations was inadvertent, we are bound by the distinction. First, unless there is a constitutional infirmity or a lack of clarity, we take and apply statutes as they are written. *See State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124. Second, where the legislature uses different words or phrases to describe something that could be construed as congruent absent the difference in language, we assume that the legislature intended a distinction based on that difference in language. *See Zehetner v. Chrysler Fin. Co.,* 2004 WI App 80, ¶ 20, 272 Wis. 2d 628, 640, 679 N.W.2d 919, 924–925. Thus, unlike the situation under § 218.01(9)(am) (1993–94), the legislature did not intend by its bare use of the word "costs" in § 218.01(9)(b) (1993–94) to encompass "actual costs." Therefore, "actual costs" are not swept into taxable costs allowed by WIS. STAT. RULE 814.04(2)'s inclusion of "necessary disbursements and fees allowed by law." Accordingly,

---

[3] WISCONSIN STAT. § 218.01(9)(am) (1993–94) provided: "If a court finds that a violation or practice described in par. (a)1. or 2. is willful, a licensee shall recover damages in an amount equal to 3 times the pecuniary loss, together with actual costs including reasonable attorney fees." It is now found, with minor non-material changes, at Wis. Stat. § 218.0163(1m).

Wilde's offer of judgment to pay "taxable costs," which Kolupar accepted, did not encompass "actual costs."

*By the Court.*—Order affirmed.