Tammy KOLUPAR,
Plaintiff-Appellant-Petitioner,

v.

WILDE PONTIAC CADILLAC, INC. and
Randall Thompson, Defendants-Respondents.

Supreme Court

*No. 2005AP935. Oral argument January 5, 2007.
—Decided July 12, 2007.*

2007 WI 98

(Also reported in 735 N.W.2d 93.)

260

For the plaintiff-appellant-petitioner there were briefs by *Paul M. Erspamer* and *Lisko & Erspamer, S.C.,* Waukesha, and oral argument by *Paul M. Erspamer.*

For the defendants-respondents there was a brief by *Kathryn Sawyer Gutenkunst, Brian M. Brejcha,* and *Cramer, Multhauf & Hammes, LLP,* Waukesha, and oral argument by *Kathryn Sawyer Gutenkunst.*

¶ 1. LOUIS B. BUTLER, JR., J. This case is before us on a review of a published opinion of the court of appeals[1] affirming a circuit court award of costs to Tammy Kolupar in her action against Wilde Pontiac Cadillac, Inc., and its employee, Randall Thompson, over the sale of a deficient used car. This is the second time this case has been before us to resolve a question relating to the award of fees and costs. In *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2004 WI 112, 275 Wis. 2d

---

[1] *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2006 WI App 85, 293 Wis. 2d 265, 716 N.W.2d 547 (Kolupar II). For the sake of clarity, we refer to the court of appeals opinion in *Kolupar,* 293 Wis. 2d 265, as *Kolupar II,* and to this court's opinion in *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2004 WI 112, 275 Wis. 2d 1, 683 N.W.2d 58, as *Kolupar I.* We do not designate by roman numeral the first court of appeals opinion in this matter, *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2003 WI App 175, 266 Wis. 2d 659, 668 N.W.2d 798, because it is not referred to frequently in this opinion.

1, 683 N.W.2d 58 (*Kolupar I*), this court upheld the circuit court's award of $15,000 in attorney fees, and remanded this matter to the circuit court for a determination of an appropriate award of costs.

¶ 2. On remand, Kolupar submitted two sets of documentation to the circuit court, one showing that her expenses totaled $8795.66, and a revised version showing that they were $9933.44. The circuit court instead awarded Kolupar $3523.46 in costs, stating that Kolupar was entitled to "taxable costs,"[2] i.e., those enumerated in Wis. Stat. § 814.04 (2005–06).[3] Kolupar sought review of the order, contending that the circuit court erred by awarding only § 814.04 enumerated costs, and that she was entitled to "actual, reasonable" costs[4] under Wis. Stat. § 218.0163(2).[5] The court of appeals affirmed the circuit court's award of costs on

[2] Kolupar and Wilde use the term "taxable costs" to encompass only those listed items of cost set forth in Wis. Stat. § 814.04, as opposed to "actual costs" or "reasonable costs." Where Kolupar and Wilde use the term "taxable costs," we use "costs enumerated in § 814.04" or "§ 814.04 enumerated costs" to refer to the same concept. We use "enumerated" because § 814.04(2) also provides for recovery of "[a]ll the necessary disbursements and fees allowed by law," encompassing recovery beyond those costs listed in § 814.04 when otherwise provided, such as under a fee-shifting statute.

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

[4] Before this court, Kolupar argues that she is entitled to "reasonable," but not "actual," litigation costs.

[5] The current Wisconsin Stat. § 218.0163(2) was previously numbered Wis. Stat. § 218.01(9)(b) (1993–94) when the events giving rise to this action occurred. The operative language of § 218.0163(2) is identical to that of § 218.01(9)(b) (1993–94). To avoid confusion, we will use the current statutory designation throughout this opinion.

grounds that Wis. Stat. § 218.0163(2) did not provide for the recovery of actual costs, and therefore the circuit court's award of "taxable costs" was not in err. *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2006 WI App 85, ¶¶ 7–8, 293 Wis. 2d 265, 716 N.W.2d 547 (*Kolupar II*).

¶ 3. The narrow issue before us is whether a retail buyer's recovery of costs under Wis. Stat. § 218.0163(2) is limited to costs enumerated in Wis. Stat. § 814.04 or also includes all other reasonable costs not enumerated in § 814.04. We conclude that Wis. Stat. § 218.0163(2) provides for the award of reasonable costs. Because the court of appeals misconstrued § 218.0163(2) in affirming the circuit court's award of costs, we reverse its decision. Because the circuit court failed to apply the correct legal standard to its cost determination, we conclude it erroneously exercised its discretion in determining the amount of the award of costs.

¶ 4. We therefore remand this matter to the circuit court to award Wis. Stat. § 814.04 enumerated costs, and to exercise its discretion to determine under Wis. Stat. § 218.0163(2) the amount of Kolupar's reasonable costs beyond those enumerated in § 814.04. Consistent with *Shands v. Castrovinci,* 115 Wis. 2d 352, 361, 340 N.W.2d 506 (1983), we also grant Kolupar's request of reasonable attorney fees and reasonable costs for this appeal and direct the circuit court to determine and award such fees and costs.

I

¶ 5. This lawsuit arose out of Tammy Kolupar's purchase of a 1985 Mercedes Benz 190E off Wilde Pontiac Cadillac's used car lot from Wilde's Pontiac sales manager, Randall Thompson. Kolupar alleged in her March 2000 complaint that Thompson received

Kolupar's 1993 Pontiac Sunbird in exchange for the Mercedes, and represented to Kolupar that the Mercedes was in good mechanical condition. Kolupar alleged she soon discovered the car had several problems, including faulty brakes and a broken odometer. Kolupar stated she discovered after the sale that the Mercedes had not been owned by Wilde, but by Thompson personally.

¶ 6. Kolupar sued Wilde and Thompson[6] for fraud, federal and state odometer law violations, breach of express and implied warranty and violations of Wisconsin's motor vehicle dealership statute, Wis. Stat. § 218.01 (1993–94), now largely incorporated within Wis. Stat. § 218.0116.[7] A primary issue in the litigation was whether Thompson acted under Wilde's actual or apparent authority in selling the Mercedes.[8]

¶ 7. By letter dated December 26, 2001, Kolupar accepted an offer of settlement from Wilde disposing of the lawsuit for $6660 "plus the taxable costs of the action." Notwithstanding this reference to "taxable costs," Kolupar's acceptance letter indicated the amount of costs was left unresolved: "Since this offer will apparently resolve plaintiff's primary claim for damages, it would appear all that would be needed in this case is a hearing to determine the reasonableness and necessity of plaintiff's attorneys fees and litigation expenses."

---

[6] The circuit court entered a default judgment against Thompson on February 25, 2002. *See Kolupar I,* 275 Wis. 2d 1, ¶ 7 n.3. Thompson is not a party to this appeal.

[7] Again, to avoid confusion, we will use the current statutory designation throughout this opinion.

[8] For additional facts about the underlying dispute in this case and the first appeal, see *Kolupar I,* 275 Wis. 2d 1, ¶¶ 7–16.

¶ 8. The circuit court held a hearing on the issue of attorney fees and costs at which Kolupar requested $41,000 in attorney fees, and $11,000 in costs. The Milwaukee County Circuit Court, Honorable Thomas R. Cooper, awarded $15,000 in "reasonable attorney fees," declaring that the case was "over-tried" and "over-pled." When Kolupar's attorney asked about the request for costs, Judge Cooper responded: "Fees and costs, $15,000."

¶ 9. The court of appeals affirmed the circuit court's award. *See Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2003 WI App 175, 266 Wis. 2d 659, 668 N.W.2d 798. This court affirmed the award of attorney fees, concluding that on the limited documentation provided by Kolupar's attorney, the determination of the award was a proper exercise of the court's discretion. *See Kolupar I*, 275 Wis. 2d 1. However, this court disagreed with the court of appeals on the issue of costs, concluding that the circuit court in effect denied all costs and failed to provide an explanation for its decision. *Id.*, ¶ 55. Justice Prosser, writing for the majority, explained:

> The court made a formal finding that $15,000 represented a reasonable attorney fee, but then the court aggregated the cost award as part of the $15,000 award. In effect, the court awarded no costs.

> Section 218.01(9)(b) does not state that the court may award costs *or* attorney fees. Costs and attorney fees are linked; the court is authorized to award costs, including a reasonable attorney fee. While the court may retain discretion to award $0 in costs or nominal costs, a decision to do so must be explained. Here, the court offered no explanation. The court may have believed the party's settlement for $6,600 plus taxable costs included the costs requested by Kolupar. Or perhaps the court believed the costs should not be awarded at all. An explanation is required.

268

*Id.*, ¶¶ 54–55. This court then remanded the matter to the circuit court to address the issue of costs.

¶ 10.　Before the circuit court on remand, Wilde contended that Kolupar was entitled to only "taxable costs" enumerated in Wis. Stat. § 814.04.[9] Kolupar argued that under Wis. Stat. § 218.0163(2), a fee-

---

[9] Wisconsin Stat. § 814.04 provides, in relevant part:

Except as provided in [sections not relevant here] when allowed costs shall be as follows:

(1) Attorney fees. (a) When the amount recovered or the value of the property involved is greater than the maximum amount specified in s. 799.01(1)(d), attorney fees shall be $500; when it is equal to or less than the maximum amount specified in s. 799.01(1)(d), but is $1,000 or more, attorney fees shall be $300; when it is less than $1,000, attorney fees shall be $100. In all other cases in which there is no amount recovered or that do not involve property, attorney fees shall be $300.

(c) No attorney fees may be taxed on behalf of any party unless the party appears by an attorney other than himself or herself.

(2) Disbursements. All the necessary disbursements and fees allowed by law; the compensation of referees; a reasonable disbursement for the service of process or other papers in an action when the same are served by a person authorized by law other than an officer, but the item may not exceed the authorized sheriff's fee for the same service; amounts actually paid out for certified and other copies of papers and records in any public office; postage, photocopying, telephoning, electronic communications, facsimile transmissions, and express or overnight delivery; depositions including copies; plats and photographs, not exceeding $100 for each item; an expert witness fee not exceeding $300 for each expert who testifies, exclusive of the standard witness fee and mileage which shall also be taxed for each expert; and in actions relating to or affecting the title to lands, the cost of procuring an abstract of title to the lands. Guardian ad litem fees shall not be taxed as a cost or disbursement.

(4) Interest on verdict. Except as provided in s. 807.01(4), if the judgment is for the recovery of money, interest at the rate of 12% per year from the time of verdict, decision or report until judgment is entered shall be computed by the clerk and added to the costs.

shifting statute, she was entitled to reasonable expenses above and beyond taxable costs enumerated in § 814.04. On November 10, 2004, Kolupar submitted a letter and detailed ledger requesting an award of $8795.66 in costs.[10] On December 1, 2004, Kolupar submitted a revised request with supporting documentation seeking $9933.44 in costs.

¶ 11.   The Milwaukee County Circuit Court, Honorable M. Joseph Donald, ruled as follows:

> I think in this case on the legal issues in terms of the costs, the question of costs is clear to me, and I'm going to rule that in this matter that it is taxable costs. There are different statutes with fee-shifting provisions, but this statute, as is indicated by the Court, that this matter is back here for costs and that is taxable costs. That's 814 taxable costs.
>
> . . . .

(6) Judgment by default. If the judgment is by default or upon voluntary dismissal by the adverse party the costs taxed under sub. (1) shall be one-half what they would have been had the matter been contested.

(7) Judgment offer not accepted. If the offer of judgment pursuant to s. 807.01 is not accepted and the plaintiff fails to recover a more favorable judgment the plaintiff shall not recover costs but the defendant shall have full costs to be computed on the demand of the complaint.

(8) Actions for municipal corporations. In all actions brought for the benefit of any county, town, village, city or other municipal corporation of this state by a citizen taxpayer, the plaintiff shall be entitled to recover for the plaintiff's own use, in case the plaintiff shall prevail, the taxable costs of such action and such part of the recovery as the court considers reasonable, as attorney fees, not to exceed 20% of such recovery, and not to exceed $500.

[10] Kolupar's cover letter requests "an award of $8844.12 in actual and reasonable litigation expenses." The enclosed ledger, however, lists $8795.66 as the "amount due."

So now that I have ruled that it's taxable costs or 814 costs, I'm now confronted with trying to figure out what are taxable costs based on the submissions. And this detailed ledger has a lot of entries on it, but there were not receipts for every entry. There were receipts for major entries, and this Court—I'm going to at least be reasonable in my determination as to what the costs are.

¶ 12. A written order issued after the hearing provided "[t]hat plaintiff receive taxable costs under Chapter 814 of the Wisconsin Statutes" for the following items: process server, $68.00; investigation to locate Thompson, $80.00; Gramann Reporting, $55.97; transcript/Susan Kolupar, $74.80; transcript/Tammy Kolupar, $206.90; deposition, $393.10; court reporting, $50.00; deposition fees, $606.30; deposition fees $586.50; transcript, $208.58; deposition fees, $273.45; mediation/Willis Zick, $350.00; process server, $117.95; transcript, $164.15; process server, $27.76; photocopies, $54.50; and transcript, $205.50. The order awarded a total of $3523.46 in costs. It denied Kolupar's request for attorney fees and costs incurred in the remanded proceeding.

¶ 13. Kolupar appealed from the order to the court of appeals, asserting that the circuit court erred in awarding only taxable costs under Chapter 814 and not reasonable costs under Wis. Stat. § 218.0163(2). The court of appeals affirmed the circuit court based on its interpretation of § 218.0163(2).[11] *See Kolupar II,*

---

[11] However, the court of appeals' analysis begins by treating this case as one of contract interpretation. It suggests that the terms of the settlement letter indicate Kolupar agreed to seek only "taxable costs." *See Kolupar II,* 293 Wis. 2d 265, ¶ 4. In attempting to ascertain the intent of the parties, the court of appeals construed "taxable costs" to mean "those costs 'allowed

293 Wis. 2d 265, ¶¶ 7–8. The court of appeals read § 218.0163(2) as not providing recovery of reasonable costs because a paragraph within the same subsection, § 218.0163(1m), provided for "actual costs," while subsection (2) provided for only "costs," which the court of appeals took to mean "taxable costs" enumerated in Wis. Stat. § 814.04(2). Kolupar filed a petition seeking review of the court of appeals decision, which we granted.

## II

¶ 14. The primary issue before us is as follows: Is a retail buyer's recovery of costs under Wis. Stat. § 218.0163(2) limited to the costs enumerated in Wis. Stat. § 814.04, or does it also include all other reasonable costs not enumerated in § 814.04? This question requires us to interpret § 218.0163(2) and other relevant Wisconsin statutes, a matter of law that we review de novo. *Village of Cross Plains v. Haanstad,* 2006 WI 16, ¶ 9, 288 Wis. 2d 573, 709 N.W.2d 447.

¶ 15. Our review of a circuit court's valuation of an award of costs is limited to whether the circuit court

---

as items of cost under' Wis. Stat. Rule 814.04," which, under § 814.04(2), includes "[a]ll the necessary disbursements and fees allowed by law." *Id.,* ¶ 6. The court of appeals then considered whether Wis. Stat. § 218.0163(2) allowed recovery of disbursements and fees in addition to those enumerated in Wis. Stat. § 814.04.

We note that the settlement letter contains ample evidence suggesting that Kolupar did not intend to merely seek "taxable costs," and that it is unclear what the parties intended by the use of this term. Regardless, the parties do not argue this case as one of contract interpretation, and we do not construe it as such.

properly exercised its discretion. *Anderson v. MSI Preferred Ins. Co.,* 2005 WI 62, 19, 281 Wis. 2d 66, 697 N.W.2d 73. A proper exercise of discretion requires the circuit court to employ a logical rationale based on the appropriate legal principles and facts of record." *Id.* (citations omitted).

### III

¶ 16.   In general, "parties to a lawsuit bear the cost of their own attorney fees absent legislative authorization to shift costs." *Kolupar I,* 275 Wis. 2d 1, ¶ 17. This is the so-called "American rule." *Watkins v. LIRC,* 117 Wis. 2d 753, 758, 345 N.W.2d 482 (1984).

¶ 17.   Wisconsin Stat. § 814.04 sets forth the items of costs that "shall" be awarded to a prevailing plaintiff in a civil lawsuit.[12] Section 814.04 introduces the items of cost authorized under the section by stating:   "[e]xcept as provided in [statutory sections not applicable here] . . . when allowed costs shall be as follows: . . . ." Wisconsin Stat. § 814.01 provides costs "shall be allowed" as a matter "of course to the plaintiff upon recovery."

¶ 18.   Under Wis. Stat. § 814.04(2), a plaintiff is entitled to recover the following costs:   a reasonable disbursement for the service of process or other papers in an action; amounts actually paid for copies of records and other papers in a public office; postage, photocopying, telephoning, electronic communications and facsimile transmissions; express or overnight delivery; depositions, including copies; plats and photographs;

---

[12] Exceptions to this general rule are set forth in Wis. Stat. § 814.04.

and expert witness fees, including mileage for each expert witness. Section 814.04(2) further provides that a plaintiff is entitled to "[a]ll the necessary disbursements and fees allowed by law" in addition to those enumerated in the section.

¶ 19. Among the "necessary disbursements and fees allowed by law" are those authorized under fee-shifting statutes. Numerous Wisconsin statutes contain fee-shifting provisions, including those relating to consumer protection, frivolous lawsuits and privacy rights.[13]

¶ 20. Kolupar's action against Wilde and Thompson alleged violations of Wis. Stat. § 218.0116, a consumer protection statute regulating motor vehicle dealers, salespersons and sales finance companies. Section 218.0163(2) provides that "[a]ny retail buyer . . . suffering pecuniary loss because of a violation by a licensee of [subsections of § 218.0116] may recover damages for the loss in any court of competent jurisdiction together with costs, including reasonable attorney fees."

¶ 21. On appeal, Kolupar contends that the circuit court erred by determining costs under Wis. Stat. § 814.04, when this court's remand directed the circuit court to apply Wis. Stat. § 218.0163(2). She argues that because § 218.0163(2) is a fee-shifting statute, she is entitled to recover all reasonable costs in addition to costs enumerated in § 814.04.

¶ 22. Wilde responds that Kolupar should be judicially estopped from contending that she is entitled to more than Wis. Stat. § 814.04 enumerated costs be-

---

[13] For a complete listing of the 50–plus fee-shifting provisions in Wisconsin law, see 3 Hon. Robert D. Sundby & Steven P. Means, *Law of Damages in Wisconsin,* Chapter 37, Attorney Fees, Appendicies 37A and 38B (Russell M. Ware ed., 4th ed. 2005).

cause she requested "taxable costs" in her first appeal. Additionally, Wilde notes that Wis. Stat. § 218.0163(2) allows recovery of "costs," while § 218.0163(1m) provides for "actual costs." Wilde agrees with the court of appeals that this difference indicates that the legislature intended recovery of actual costs under § 218.0163(1m), but only § 814.04 enumerated costs under § 218.0163(2). Alternately, Wilde argues that the award of costs was not an erroneous exercise of discretion because the circuit court declared that the award was "reasonable" and awarded two items of costs not enumerated in § 814.04.

## A

■

¶ 23. Before turning to the merits, we address Wilde's estoppel argument. We note that Wilde did not advance this argument in its briefs to the circuit court or court of appeals. Generally, arguments raised for the first time on appeal are deemed waived. *See, e.g., State v. Van Camp,* 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997). Setting aside the question of waiver, we conclude Wilde's estoppel argument lacks merit.

■

¶ 24. Judicial estoppel precludes a party from asserting inconsistent positions in a legal proceeding. *Mrozek v. Intra Financial Corp.,* 2005 WI 73, ¶ 22, 281 Wis. 2d 448, 699 N.W.2d 54. This equitable doctrine is intended "to protect against a litigant playing 'fast and loose with the courts' by asserting inconsistent positions." *Id.* (citation omitted). A party asserting judicial estoppel must show: "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at

issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position." *Id.* (citation omitted).

¶ 25.   At a minimum, Wilde has not fulfilled the third requirement of estoppel; it cannot show that Kolupar convinced this court (or any other) that she was entitled to "taxable costs" only, i.e., Wis. Stat. § 814.04 enumerated costs. This court remanded for the circuit court to address the issue of costs under Wis. Stat. § 218.0163(2); it did not remand for the circuit court to address "taxable costs," if, in fact, Kolupar requested only "taxable costs." The record is devoid of any evidence that Kolupar is trying to "play fast and loose" with the system. Judicial estoppel is therefore inappropriate here.

### B

¶ 26.   We now consider the meaning of Wis. Stat. § 218.0163(2). Kolupar contends that the provision of "costs, including reasonable attorney fees" in § 218.0163(2) should be read to include reasonable costs to effectuate the purpose of the consumer protections in Wisconsin's motor dealership statute. Wilde argues the court of appeals correctly concluded that the legislature's provision of "actual costs" in § 218.0163(1m), as compared with "costs" in § 218.0163(2), indicates that the legislature intended recovery of § 814.04 enumerated costs only for consumer plaintiffs with claims under Wis. Stat. § 218.0116.

¶ 27.   "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper and intended effect." *State ex rel.*

276

*Kalal v. Circuit Court,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as a part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.,* ¶ 46. "A cardinal rule in interpreting statutes is to favor a construction that will fulfill the purpose of the statute over a construction that defeats the manifest object of the act." *Watkins,* 117 Wis. 2d at 761. "[A] plain-meaning interpretation [of a statute] cannot contravene a textually or contextually manifest statutory purpose." *Kalal,* 271 Wis. 2d 633, ¶ 49.

¶ 28.  Additionally, when multiple statutes address the same subject area, we read the statutes in pari materia such that both statutes will be operative. *Providence Catholic School v. Bristol School Dist.,* 231 Wis. 2d 159, 178, 605 N.W.2d 238 (1999). If the potential for conflict between the statutes is present, we will read the statutes to avoid such a conflict if a reasonable construction exists. *Id.*

¶ 29.  Wilde urges us to adopt the court of appeals' interpretation of Wis. Stat. § 218.0163(2). The court of appeals cast the issue presented in this case as follows:  "[T]he core question is whether the legislature intended that the word 'costs' in [§ 218.0163(2)] to include actual litigation expenses." *Kolupar II,* 293 Wis. 2d 265, ¶ 7. The court of appeals then noted that while the legislature used only the word "costs" in § 218.0163(2), it permitted the recovery of "actual costs" in § 218.0163(1m) when a prohibited practice affected an auto dealer (as opposed to a retail buyer like Kolupar) and was "willful." The court of appeals took the legislature's use of "actual costs" in a paragraph within

the same subsection of § 218.0163 to mean that the legislature, by use of "costs" in § 218.0163(2), intended recovery of only Wis. Stat. § 814.04 enumerated costs for retail buyers who prevail on claims under Wis. Stat. § 218.0116.

¶ 30. We believe the court of appeals' analysis is incorrect for three reasons. First, it casts the issue as between Wis. Stat. § 814.04 enumerated costs and "actual costs" without considering a third alternative, "reasonable costs." An auto dealer who prevails on a claim under § 218.0163(1m) is entitled to the "actual costs" of the litigation. The legislature has seen fit to distinguish an award of "actual costs" from the "costs" a prevailing party is entitled to receive under § 218.0163(2). *See Nelson v. McLaughlin,* 211 Wis. 2d 487, 565 N.W.2d 123 (1997) ("[W]here the legislature uses similar but different terms in a statute, particularly within the same section, it is presumed that the legislature intended such terms to have different meanings."). Nevertheless, while the legislature's choice of the term "actual costs" in § 218.0163(1m) necessarily precludes a construction of the term "costs" in § 218.0163(2) to mean "actual costs," it does not follow that the legislature also precluded the recovery of *"reasonable costs"* by its use of the term "costs" in § 218.0163(2).

¶ 31. Second, as Kolupar argues, the court of appeals' interpretation in this case conflicts with the manifest purpose of the statute and prior cases construing fee-shifting remedies.

¶ 32. Third, the court of appeals' opinion interprets Wis. Stat. § 814.04 and Wis. Stat. § 218.0163(2) in a manner that renders them inconsistent with each

278

other. For the reasons set forth below,[14] we conclude that Wis. Stat. §§ 218.0116 and 218.0163(2) plainly manifest a legislative purpose to provide recovery of the reasonable expenses of the litigation, and that such an interpretation is necessary to harmonize otherwise conflicting provisions of Wis. Stat. §§ 218.0163(2) and 814.04.

¶ 33.  In addressing a retail buyer's claim under Wisconsin's "lemon law," Wis. Stat. § 218.0171, the former Wis. Stat. § 218.015 (1993–94), this court noted that "remedial statutes should be liberally construed to suppress the mischief and advance the remedy that the statute intended to afford." *Hughes v. Chrysler Motors Corp.,* 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996); *see also Hartlaub v. Coachmen Ind., Inc.,* 143 Wis. 2d 791, 801, 422 N.W.2d 869 (Ct. App. 1987) (noting that remedial statutes such as the "lemon law" should be construed "with a view towards the social problem which the legislature was addressing when enacting the law").

¶ 34.  When construing the award provisions of a remedial statute, this court examines the purposes of the underlying statute. *See, e.g., State ex rel. Hodge v. Town of Turtle Lake,* 180 Wis. 2d 62, 79, 508 N.W.2d 603 (1993); *Watkins,* 117 Wis. 2d 753; *Shands,* 115 Wis. 2d at 358. In *Shands,* this court concluded that the manifest purposes of the unfair trade practices statute entitled a successful claimant in a tenant-landlord dispute to an award of reasonable appellate attorney fees where the statute did not explicitly address recovery of appellate fees. *Shands,* 115 Wis. 2d at 361. First, the *Shands* court discerned that the statute's provision

[14] *See* ¶¶ 41–42, *infra.*

of reasonable attorney fees encouraged tenants to enforce their rights where "the amount of pecuniary loss [might be] small compared with the cost of litigation." *Id.* at 358. Second, the court in *Shands* noted that a tenant who sues under the statute "acts as a 'private attorney general' to enforce the tenants' rights set forth in the administrative regulations," in the process enforcing not only their individual rights, but the public's rights under the statute as well. *Id.* Third, the court in *Shands* observed that suits under the statute "have the effect of deterring impermissible conduct by landlords" by subjecting them to double damages and attorney fees. *Id.*

¶ 35.   The applicable statute in this case, Wis. Stat. § 218.0116, is remedial in nature, offering retail buyers protection against certain unfair practices of auto dealers, salespersons and finance companies. Specifically, the statute prohibits a number of unsavory practices, including fraudulent misrepresentation and use of deceptive sales practices, in the retail sale or lease of a motor vehicle. *See* Wis. Stat. § 218.0116(1)(bm), (c), (cm), (dm), (e), (em), (f), (im), (m) and (p).

¶ 36.   The statute's primary mechanism for suppressing such prohibited conduct is to authorize retail buyers to sue for damages. *See* Wis. Stat. § 218.0163(2). Thus, as in *Shands,* a meaningful remedy is essential to deterring the prohibited conduct and effectuating the purposes of the statute. In this case, recovery of only Wis. Stat. § 814.04 enumerated costs would discourage litigants with legitimate claims from seeking relief, and thus undermine the statute's effectiveness in suppressing the prohibited "mischief."

¶ 37.   For the retail buyer with a claim under Wis. Stat. § 218.0116, the cost of the litigation may be significant, and even, as here, exceed the total recovery

under the statute. Such costs may include costs of discovery and court-imposed costs (here, two failed mediations) that are not enumerated § 814.04 costs. If the cost of litigation reduces or even eliminates recovery, retail buyers will be less likely to enforce their rights under the statute. We therefore conclude that Wis. Stat. § 218.0163(2) authorizes recovery of reasonable costs, as well as reasonable attorney fees, to retail purchasers who prevail on claims under Wis. Stat. § 218.0116.[15]

¶ 38. The court of appeals addressed the issue of recoverability of reasonable costs in *Chmill v. Friendly Ford-Mercury of Janesville,* 154 Wis. 2d 407, 453 N.W.2d 197 (Ct. App. 1990) (*Chmill II*), under the fee-shifting provision of Wisconsin's "lemon law," Wis. Stat. § 218.015(7) (1987–88),[16] reaching the same conclusion we reach today. *Chmill II* was preceded by *Chmill v. Friendly Ford-Mercury of Janesville,* 144 Wis. 2d 796, 809, 424 N.W.2d 747 (Ct. App. 1988) (*Chmill I*), which concluded that the plaintiff was entitled to reasonable attorney fees for appellate proceedings before the court of appeals and remanded to the circuit court to "determine a reasonable attorney fee award . . . for the appeal to this court." On remand, the

---

[15] An award of reasonable litigation costs under Wis. Stat. § 218.0163(2) provides for costs above and beyond Wis. Stat. § 814.04 enumerated costs, but not for the double recovery of Wis. Stat. § 814.04 enumerated costs. "Fee-shifting statutes contemplate that those recovering under them will be made whole. They do not contemplate double awards of any items." *Chmill v. Friendly Ford-Mercury of Janesville,* 154 Wis. 2d 407, 413 n.2, 453 N.W.2d 197 (Ct. App. 1990) (*Chmill II*).

[16] Wisconsin Stat. § 218.015(7) (1987–88) is now found at Wis. Stat. § 218.0171(7), and the statutory language pertinent to this discussion remains unchanged.

circuit court denied the plaintiff's request for reasonable costs in the prior court of appeals proceeding, and denied reasonable attorney fees and costs in the remanded proceeding. *Chmill II*, 154 Wis. 2d at 411–12.

¶ 39. The court of appeals reversed, ordering the award of reasonable costs in both the appellate and remanded proceedings, and reasonable attorney fees in the remanded proceeding. *Id.* at 413, 416–18. Regarding the circuit court's failure to award reasonable costs, the court of appeals held that the circuit court "read *Chmill I* too literally. It improperly exercised its discretion because it ignored the context of our statement. That context shows that we intended to apply sec. 218.015(7), Stats., which permits an award of 'costs, disbursements and reasonable attorney fees,' not just fees. We intended to award the awardable." *Chmill II*, 154 Wis. 2d at 413.

¶ 40. Wilde contends that *Chmill II* is distinguishable because Wis. Stat. § 218.015(7) (1987–88) provides for the recovery of "costs, disbursements and reasonable attorney fees," while Wis. Stat. § 218.0163(2) provides for "costs, including reasonable attorney fees." While the inclusion of the term "disbursements" in Wis. Stat. § 218.015(7) (1987–88) more clearly sets forth the legislature's intent that the party be made whole, there is no getting around the fact that providing "costs, including reasonable attorney fees" under § 218.0163(2) denominates something very different than enumerated costs under § 814.04.

¶ 41. Moreover, reading the cost provisions of Wis. Stat. § 218.0163(2) and Wis. Stat. § 814.04 in pari materia precludes an interpretation of § 218.0163(2) that would limit recovery to enumerated § 814.04 costs. *See State v. Denis L.R.*, 2005 WI 110, ¶ 57 n.21, 283 Wis. 2d 358, 699 N.W.2d 154 (statutes are read together

in pari materia to avoid any conflicts). Both Wis. Stat. § 218.0163(2) and Wis. Stat. § 814.04 treat attorney fees as a subcategory of costs. Among the enumerated costs included within § 814.04 are "attorney fees," which are strictly limited to a maximum amount of between $100 and $500, depending on the amount of the total recovery. Wis. Stat. § 814.04(1)(a).

¶ 42.  If, as Wilde argues, the term "costs" under Wis. Stat. § 218.0163(2) means only Wis. Stat. § 814.04 enumerated costs, the only attorney fees available under § 218.0163(2) would be those enumerated under § 814.04(1)(a). But § 218.0163(2) explicitly provides for award of "costs, *including reasonable attorney fees.*" (Emphasis added.) Thus, a construction of "costs" to mean only Wis. Stat. § 814.04 enumerated costs would put language providing for "reasonable attorney fees" in § 218.0163(2) in direct conflict with the attorney fee provisions of § 814.04.[17] A construction of "costs" to mean "reasonable costs" is therefore necessary to harmonize § 218.0163(2) and § 814.04(1)(a).[18]

---

[17] Enumerated costs under § 814.04 include attorney fees which are strictly limited to a maximum amount of between $100 and $500, depending on the amount of the total recovery. Wis. Stat. § 814.04(1)(a). Enumerated costs do not include reasonable attorney fees. *Supra,* ¶ 41.

[18] We note that a decision of the United States Seventh Circuit Court of Appeals not cited by either party construes language identical to that of Wis. Stat. § 218.0163(2) and reaches a different conclusion than the one we reach here. *See Bob Willow Motors, Inc. v. General Motors Corp.,* 872 F.2d 788, 799 (7th Cir. 1989). In *Bob Willow Motors,* the federal appellate court construed language in Wis. Stat. § 218.01(9)(a) (1983–84) providing for recovery of "costs including a reasonable attorney fee" to permit recovery of "no more than ordinary taxable costs as found in 28 U.S.C. § 1920." *Id.* However, we note that the *Bob Willow Motors* court awarded costs under 28 U.S.C. § 1920,

¶ 43. We consider next whether the circuit court's award of costs represented an erroneous exercise of its discretion. We examine the record of the remanded proceeding to determine if the circuit court reached its conclusion by a reasoned application of the appropriate legal standard to the relevant facts. *Franke v. Franke,* 2004 WI 8, ¶ 55 n.38, 268 Wis. 2d 360, 674 N.W.2d 832 ("When a circuit court exercises discretion, the record on appeal must reflect the circuit court's reasoned application of the appropriate legal standard to the relevant facts in the case.") (citation omitted).

¶ 44. On remand, Wilde argued that *Kolupar I* directed the circuit court to address "taxable costs" enumerated in Wis. Stat. § 814.04 because, it contended, Wis. Stat. § 218.0163(2) provided for only these costs. However, Wilde did not concede that Kolupar was entitled to § 814.04 enumerated costs, but rather contended that it was within the circuit court's discretion to award "$0 costs," including no § 814.04 enumerated costs. Kolupar argued that she was entitled to reasonable costs under § 218.0163(2), as well as § 814.04 enumerated costs, because an award of such costs was necessary to effectuate the purposes of the statute.

¶ 45. At the hearing on costs, the circuit court made the following ruling:

---

which does not include a limited attorney fee among the costs enumerated under that section, unlike Wis. Stat. § 814.04(1)(a). Accordingly, unlike Wis. Stat. § 218.0163(2) and § 814.04(1)(a), § 218.01(9)(a) (1983–84) and 28 U.S.C. § 1920 do not appear to conflict with one another. *See, supra,* ¶¶ 41–42. Regardless, this court is not bound by a federal court's interpretation of Wisconsin law. *See, e.g., Daanen & Janssen, Inc. v. Cedarapids, Inc.,* 216 Wis. 2d 395, 400, 573 N.W.2d 842 (1998).

The matter is remanded back to the Court with the decision that it can be zero; it can be nominal, and it also can be astronomical, if I buy the arguments of the plaintiff. But it's clear to me that I'm going to do what I think is right and fair.

I think in this case on the legal issues in terms of the costs, the question of costs is clear to me, and I'm going to rule that in this matter that it is taxable costs. There are different statutes with fee-shifting provisions, but this statute, as is indicated by the Court, that this matter is back here for costs and that is taxable costs. That's 814 taxable costs.

In terms of the recommendation, or at least the argument that it should be zero, I just don't buy it because I think the Supreme Court could have made that determination. I think they sent it back here for a reason, and that was to determine costs.

So now that I have ruled that it's taxable costs or 814 costs, I'm now confronted with trying to figure out what are taxable costs based on the submissions. And this detailed ledger has a lot of entries on it, but there were not receipts for every entry. There were receipts for major entries, and this Court—I'm going to at least be reasonable in my determination as to what the costs are. I'm just going to read off those costs that I'm going to approve in this matter based on the ledger and the information that I have received.

The court then detailed the items of costs that it would award. Among these were two items of cost not enumerated in Wis. Stat. § 814.04, a mediation fee and the cost of an investigation to locate Thompson. The court failed to acknowledge that these two items were not § 814.04 enumerated costs, or explain why it was awarding these costs but not others requested by Kolupar.

¶ 46. After listing the items of cost to be awarded, the circuit court concluded: "All right. Those are the costs that I find that are reasonable in this matter and I'm awarding in this case, and that's the ruling of the Court."

¶ 47. The written order of costs that followed the circuit court's bench ruling provided as follows: "IT IS HEREBY ORDERED: 1. That plaintiff received taxable costs under Chapter 814 of the Wisconsin Statutes for the following items [listing 17 items of cost, *see supra*, ¶ 12]. 2. That plaintiff's request for costs on her appeal are denied for those reasons stated on the record."

¶ 48. Because the record does not show that the determination of the amount of the award was based on a reasoned application of the appropriate legal standard, we conclude the circuit court erroneously exercised its discretion in calculating the amount of the award.

¶ 49. We note that the circuit court erroneously concluded that Kolupar was entitled to only those costs enumerated in Wis. Stat. § 814.04. As we concluded earlier, Wis. Stat. § 218.0163(2) provides for recovery of reasonable costs in addition to § 814.04 enumerated costs. We acknowledge that this court's remand order did not distinguish between § 814.04 enumerated costs and reasonable costs under § 218.0163(2). However, as noted, the remand ordered a calculation of costs under § 218.0163(2), not § 814.04, and contemplated an exercise of discretion, which an award of § 814.04 enumerated costs does not contemplate.

¶ 50. We observe that the circuit court stated that it would "at least be reasonable in my determination as to what the costs are" and later declared "[t]hose are the costs that I find that are reasonable in this matter." We note also that the court, while declaring that it was awarding costs under Wis. Stat. § 814.04, then awarded

two items of cost not enumerated in that section. Based on these facts, it could be argued that the circuit court, in fact, applied the appropriate legal standard by awarding reasonable costs under § 218.0163(2) in addition to § 814.04 enumerated costs.[19]

■

¶ 51.    Our review of the record, however, shows that the circuit court did not engage in a considered process of determining which expenses were, in fact, "reasonable." The circuit court merely stated that it would award what was "reasonable," but did not explain why it was "reasonable" to award certain costs and not others. Rather, the circuit court declared that it was awarding Wis. Stat. § 814.04 enumerated costs only, and then awarded without explanation two costs not included under § 814.04. To demonstrate that the court properly exercised its discretion—in spite of its misstatements of the legal standard—the record would need to show that the circuit court engaged in a process in which it actually applied the correct legal standard. Because the record does not demonstrate that the circuit court applied the correct legal standard here, we conclude that it erroneously exercised its discretion in determining the amount of the award of costs.

¶ 52.    Wilde contends that the circuit court properly exercised its discretion in calculating the amount of the cost award because Kolupar's requests for costs were poorly documented and unclear. Wilde asserts that Kolupar failed to provide receipts for many expenses. It states that on November 8, 2004, Kolupar requested expenses in the amount of $8844.12, but on December 1,

---

[19] We address this argument sua sponte. Wilde argues that the circuit court's order was a proper exercise of its discretion, but not for the reasons discussed here. *See infra,* ¶¶ 52–53.

2004, Kolupar submitted an itemized request for costs in the amount of $9933.44. Kolupar stated at the hearing that she provided documentation for "the big ticket items," accounting for approximately $8000 of the costs. She adds that other costs were for items for which receipts are typically not available, such as mileage.

¶ 53.  We conclude that inconsistencies in the amounts requested or alleged inadequate documentation for requested costs do not support the conclusion that the circuit court properly exercised its discretion here. We note there is little evidence that the circuit court actually based its attempted exercise of discretion on these grounds. Moreover, the difference between a request of $8844.12 and $9933.44 is logically not a basis for an award of $3523.46. Further, we cannot conclude, as a matter of law, that the documentation provided by Kolupar is indecipherable or otherwise inadequate on the whole. Whether requested individual items of cost are adequately documented is a question for the circuit court on remand.

¶ 54.  Kolupar argues that much of her costs were the result of Wilde's litigation tactics, and court-mandated expenses. The question of whether Wilde's litigation tactics in fact drove particular costs is relevant to a determination of the reasonableness of Kolupar's costs, among other factors.[20] This matter requires an exercise of discretion by the circuit court on remand.

---

[20] Judge Ralph Adam Fine addressed Wilde's litigation tactics in his dissent to the first court of appeals decision in this matter, *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 2003 WI App 175, ¶ 23, 266 Wis. 2d 659, 668 N.W.2d 798. Judge Fine con-

¶ 55. What is not relevant to the reasonableness of an award of costs, however, is the pecuniary value of the action as compared with the costs of litigation. As discussed, an important purpose of fee-shifting statutes is to encourage injured parties to enforce their statutory rights when the cost of litigation, absent the fee-shifting provision, would discourage them from doing so. *See, e.g., Shands,* 115 Wis. 2d at 358. Providing for reasonable attorney fees and costs ensures that individuals will enforce the rights provided to them under the statute by the legislature, even when the costs of litigation exceed the value of the action.

## V

¶ 56. Finally, Kolupar requests in her brief-in-chief an award of reasonable attorney fees and reasonable costs under Wis. Stat. § 218.0163(2) for this appeal. We construe her request as a motion for reasonable attorney fees and reasonable costs. For many of the same reasons that we hold that § 218.0163(2) requires an award of reasonable costs in addition to Wis. Stat. § 814.04 enumerated costs, we conclude that a plaintiff prevailing on a Wis. Stat. § 218.0116 claim is entitled to an award of reasonable attorney fees and reasonable costs for appellate proceedings.

¶ 57. As noted, this court in *Shands* resolved the question of the recoverability of reasonable attorney fees for an appeal under a fee-shifting statute, holding that the purposes of the remedial statute entitled the

---

cluded Wilde "delayed and obfuscated the litigation process" and "pursued a scorched-earth Rambo-litigation policy that has no place in our justice system."

plaintiff to an award of reasonable attorney fees in an appeal. We have concluded today that the purposes of another remedial statute, Wis. Stat. § 218.0116, require an award of reasonable costs in the circuit court proceeding. Likewise, failure to award reasonable attorney fees and reasonable costs to a prevailing plaintiff under § 218.0116 in appellate proceedings would discourage litigants with legitimate claims from pursuing their right to an appeal, and thus undermine the effectiveness of § 218.0116. We therefore conclude that Kolupar is entitled to reasonable attorney fees and reasonable costs for this appeal, and we direct the circuit court to determine an amount of reasonable fees and costs and to award such fees and costs.

## VI

¶ 58. In sum, we conclude that Wis. Stat. § 218.0163(2) provides for the award of reasonable costs as well as reasonable attorney fees. Because the court of appeals misconstrued § 218.0163(2) in affirming the circuit court's award of costs, we reverse its decision. Because the circuit court failed to apply the correct legal standard to its cost determination, we conclude it erroneously exercised its discretion in determining the amount of the award of costs.

¶ 59. We therefore remand to the circuit court to award Wis. Stat. § 814.04 enumerated costs, and to exercise its discretion to determine under Wis. Stat. § 218.0163(2) the amount of Kolupar's reasonable costs beyond those enumerated in § 814.04. Consistent with *Shands,* 115 Wis. 2d at 361, we also grant Kolupar's request of reasonable attorney fees and reasonable costs for this appeal and direct the circuit court to determine and award such fees and costs.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶ 60. JON P. WILCOX, J. *(dissenting)*. Tammy Kolupar received more costs than she was permitted under Wis. Stat. § 218.0163(2). Rather than anxiously awaiting the deadline for appeal in hopes that Wilde Pontiac would decide an appeal over $430 was not worth it, she filed an appeal herself.

¶ 61. With today's decision, Kolupar's litigation gamble pays off. She now heads back to the circuit court with a chance to recover even more costs.

¶ 62. Kolupar's attorneys are not doing too badly either. On top of the $15,000 in reasonable attorney fees initially awarded, the majority is awarding attorney fees for this appeal.

¶ 63. Given the issues presented in this case, remand is not the proper step. Accordingly, I respectfully dissent.

I

¶ 64. Generally, parties to a lawsuit bear their own costs, including attorney fees and other disbursements, "absent legislative authorization to shift costs." *Kolupar v. Wilde Pontiac Cadillac, Inc.,* 2004 WI 112, ¶ 17, 275 Wis. 2d 1, 683 N.W.2d 58 *(Kolupar I).* " '[T]o the extent that a statute does not authorize the recovery of specific costs, they are not recoverable.' " *Kleinke v. Farmers Coop. Supply and Shipping,* 202 Wis. 2d 138, 147, 549 N.W.2d 714 (1996) (quoting *State v. Foster,* 100 Wis. 2d 103, 106, 301 N.W.2d 192 (1981)).

¶ 65. Wisconsin Stat. § 218.0163(2) is a fee-shifting statute. It provides the following:

Any retail buyer, lessee or prospective lessee suffering pecuniary loss because of a violation by a licensee of s. 218.0116 (1) (bm), (c), (cm), (dm), (e), (em), (f), (im), (m) or (p) may recover damages for the loss in any court of competent jurisdiction together with costs, including reasonable attorney fees.

Kolupar is entitled to § 218.0163(2) costs. *See Kolupar I,* 275 Wis. 2d 1, ¶ 55.

¶ 66. Wisconsin Stat. § 218.0163(2) does not define "costs." There is not a definition of "costs" anywhere in Wis. Stat. ch. 218. However, the legislature has provided an entire chapter on court costs, fees, and surcharges. Wis. Stat. ch 814. Wisconsin Stat. § 814.04 specifically addresses items of costs. It begins with the following:

Except as provided in ss. 93.20, 100.195(5m)(b), 100.30(5m), 106.50(6)(i) and (6m)(a), 115.80(9), 281.36(2)(b)1., 767.553(4)(d), 769.313, [814.025], 802.05, [[814.245]], 895.035(4), 895.506, 895.443(3), 895.444(2), 895.445(3), 895.446(3), 943.212(2)(b), 943.245(2)(d), 943.51(2)(b), and 995.10(3), when allowed costs shall be as follows:

The legislature has not included § 218.0163(2) in the list of statutes exempted from § 814.04. Therefore, when a court considers an award of "costs" pursuant to § 218.0163(2), it should award costs consistent with § 814.04.

¶ 67. Wisconsin Stat. § 814.04(2) provides for "[a]ll the necessary disbursements and fees allowed by law." The reasonable attorney fees provided by § 218.0163(2) constitute "fees allowed by law." Therefore, a plaintiff that suffers a pecuniary loss covered by § 218.0163(2) may recover § 814.04 costs, including reasonable attorney fees.

¶ 68.   The majority's contention that attorney fees are "strictly limited" by § 814.04(1)(a) is not supported by the language of § 814.04. *See* majority op., ¶ 42 n.17. To the contrary, the attorney fees provided by § 814.04(1) set a minimum amount of attorney fees. Wisconsin Stat. § 814.04(2) then permits a defendant to recover additional "fees allowed by law." Wisconsin Stat. § 218.0163(2) is a law that allows the recovery of "reasonable attorney fees." Attorney fees are a type of fees. Accordingly, a plaintiff recovering under § 218.0163(2) will recover reasonable attorney fees, which will be at least those provided by § 814.04(1).

¶ 69.   In this case, the circuit court awarded Kolupar costs that went beyond those provided by § 814.04. Specifically, Kolupar received $80 for an investigation to locate a defendant and $350 for a mediation fee. Neither of these costs fall into a category provided in § 814.04. Accordingly, Wilde Pontiac had grounds for an appeal because the award of costs exceeded those allowed by law.

¶ 70.   Why then should this case not be remanded? Simple answer:   Wilde Pontiac never filed an appeal.

¶ 71.   Kolupar filed the appeal in this case. She sought more costs than were awarded by the circuit court, in the form of actual costs. The court of appeals then properly concluded that Kolupar was not entitled to actual costs. The court of appeals did not address the issue related to the circuit court awarding costs beyond the scope of § 814.04 because Wilde Pontiac never raised it.

¶ 72.   Given that the issue related to the circuit court awarding costs beyond the scope of § 814.04 was not properly before the court of appeals, it certainly is not properly before this court. Wilde Pontiac never filed an appeal in this case. Nonetheless, the court has

293

addressed the issue and come up with a contorted interpretation of the statute in the process.

## III

¶ 73. Kolupar heads back to the circuit court with a new interpretation of § 218.0163(2): it "provides for the award of reasonable costs." Majority op., ¶ 3.

¶ 74. The legislature did not modify the word "costs" with the word "reasonable," at least not in § 218.0163(2). Other provisions of § 218.0163 suggest that it could have if that indeed was what it intended. After all, the legislature did use the word "reasonable" in the very next provision. *See* Wis. Stat. § 218.0163(3).

¶ 75. Why did the legislature not modify the word "costs" with the word "reasonable"? Likely because the word "costs" unmodified has meaning in the statutes. Specifically, it means that § 814.04 will apply.

¶ 76. The majority has inflated the scope of § 218.0163(2) by arbitrarily inserting "reasonable" as a modifier of the word "costs."

## IV

¶ 77. This litigation has dragged on too long. With today's decision, there is no end in sight. Kolupar has managed to prevail on this appeal when she is the one that benefited from an overly generous award of costs. The fact that she now heads back to the circuit court to collect "reasonable" costs turns the plain language of § 218.0163(2) on its head.

¶ 78. For the forgoing reasons, I respectfully dissent.

¶ 79. I am authorized to state that Justice DAVID T. PROSSER joins this opinion.